993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Dean LAFORCE, Defendant-Appellant.
 No. 92-5222.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 6, 1993
Decided: June 2, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Samuel G. Wilson, District Judge. (CR-91-32-B)
 Henry Smith Keuling-Stout, Keuling-Stout, P.C., Big Stone Gap, Virginia, for Appellant.
 Donald Ray Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 E. Montgomery Tucker, United States Attorney, Julie M. Campbell, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HAMILTON and LUTTIG, Circuit Judges, and HEANEY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Following a jury trial, Ricky Dean LaForce was convicted of one count of possession of a firearm by a convicted felon. The district court sentenced LaForce as an armed career criminal and departed upward in criminal history category, imposing a life sentence. LaForce appeals both his conviction and his sentence. Finding no error in the trial, we affirm his conviction, but we vacate the sentence imposed and remand for resentencing.
 
 I.
 
 2
 Agents of the Bureau of Alcohol, Tobacco, and Firearms seized three firearms when they executed a search warrant for LaForce's residence on June 14, 1991. LaForce, who was not home at the time, was arrested some two weeks later and indicted on one count of possession of a firearm by a convicted felon, see 18 U.S.C. § 922(g)(1). The government, which was in possession of evidence that LaForce had previously been convicted of three violent felonies committed on different occasions, notified LaForce that he was subject to sentence enhancement as an armed career criminal, see id . § 924(e)(1). During the ensuing trial, LaForce moved to suppress various evidence and for a mistrial. The district court granted the motion to suppress in part and denied the motion for mistrial. The jury returned a verdict of guilty.
 
 
 3
 At the sentencing hearing, the district court found that LaForce had been convicted of three prior violent felonies and therefore sentenced LaForce as an armed career criminal pursuant to section 924(e)(1) and U.S.S.G. § 4B1.4. The presentence report reflected that LaForce's offense level was 33 and that his criminal history category was IV, with a resultant guideline range of 188 to 235 months. Because it found that LaForce's criminal history category did not adequately reflect his criminal history, the district court departed upward beyond category VI and imposed a life sentence. See U.S.S.G. § 4B1.4, comment. (backg'd.) ("In some cases, the criminal history category may not adequately reflect the defendant's criminal history; see § 4A1.3 (Adequacy of Criminal History Category)."); J.A. at 403 ("The Court, therefore, finds there is no sentence short of life in the penitentiary to protect against the likelihood that you will commit other violent crimes.").
 
 II.
 
 4
 On appeal of his conviction, LaForce assigns a host of errors to the district court, none of which has merit. Accordingly, we affirm his conviction and limit our discussion to his sentence, which we vacate.
 
 
 5
 LaForce mounts essentially two attacks against his sentence, first that he had not committed three prior violent felonies and that the district court therefore erred in sentencing him as an armed career criminal, and second that the district court erred in departing upward in his criminal history category. We conclude that the district court did not err in sentencing LaForce as an armed career criminal, but we nonetheless vacate his sentence and remand for resentencing because the district court failed to make required findings in support of its departure.
 
 A.
 
 6
 The district court did not err in finding that LaForce had committed three prior violent felonies, not two as argued by LaForce. LaForce does not dispute that he was convicted upon charges stemming from a single course of conduct comprising two counts of murder, two counts of use of a firearm in commission of a murder, and one count of grand larceny, and the record also supports the district court's finding that LaForce was convicted on two other, independent charges of breaking and entering.
 
 
 7
 The only confusion on this latter point arises from an order entered revoking LaForce's probation on his suspended sentence on those breaking and entering convictions. See J.A. at 411. Though that order referred to "a felony," the accuracy of that reference is belied by the separate judgments of conviction entered against LaForce. See id. at 413 (Virginia Circuit Court judgment regarding felony number 2022, breaking and entering); id. at 421 (Virginia Circuit Court judgment regarding felony number 2024, breaking and entering); id. at 412A ("Break & Enter (2 cases)"). Further, the caption of the order revoking probation clearly refers to multiple felonies, and the order itself references "[t]wo (2) counts of Break and Enter." Id. at 411.
 
 
 8
 Moreover, the district court found that LaForce had been convicted of two additional violent felonies. First, the court found based on record evidence that LaForce had been convicted of possession of a knife while housed in Dickenson County Jail. See id. at 417 (Virginia Circuit Court judgment regarding felony number 2023, possession of an illegal weapon); id. at 412A ("Possess Illegal Weapon"). Second, the district court found that LaForce's guilty plea to arson constituted another predicate offense. Because we conclude that the district court did not err in finding at least three predicate offenses, we need express no opinion on whether it erred in determining that the arson, which occurred on the same day as the murders committed by LaForce, "was committed on an occasion different from the two murders as it was separated from them by time and place," id. at 395.
 
 B.
 
 9
 In departing upward from a criminal history category of IV, the district court expressly relied on a number of factors, such as the brutal nature of the murders committed by LaForce, his perceived lenient sentence for their commission, and his parole status at the time of his arrest. What perhaps most motivated the district court, however, was its genuine fear that LaForce would ultimately have harmed someone. See id. at 403 ("Your fascination with guns is clear. Your fascination with violence is clear. Your willingness to kill is clear, and the Court finds that had you not been arrested on this charge, you unquestionably, it was only a matter of time, would have killed or inflicted grievous bodily injury.").
 
 
 10
 Upon review of the record, we cannot say that the district court erred in departing upward in criminal history category. However, the district court did err in departing from category IV to beyond category VI without first finding that intervening categories failed adequately to reflect the seriousness of LaForce's criminal record. See United States v. Rusher, 966 F.2d 868, 884 (4th Cir.) (In departing upward in criminal history category, the district court should depart "first to the next higher category and ... move on to a still higher category only upon a finding that the next higher category fails adequately to reflect the seriousness of the defendant's record."), cert. denied, 113 S. Ct. 351 (1992); United States v. Cash, 983 F.2d 558, 561 n.7 (4th Cir. 1992) (remarking that although this language from Rusher is dicta, "it identifies the proper approach to be taken."); see also id. at 561-62 (setting forth specific procedures district court should follow when it determines category VI inadequately reflects defendant's criminal history). Accordingly, we vacate LaForce's sentence and remand for resentencing in conformity with this court's decisions in Rusher and Cash.
 
 CONCLUSION
 
 11
 For the reasons stated above, the conviction below is affirmed, the sentence imposed is vacated, and the case is remanded for resentencing.
 
 AFFIRMED IN PART, VACATED IN PART AND REMANDED