35 F.3d 558
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES Of AMERICA, Plaintiff-Appellee,
v.
Andre Charles STOKES, Defendant-Appellant.
 No. 93-5938.
 United States Court of Appeals, Fourth Circuit.
 Argued July 19, 1994.
Decided Aug. 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Chief District Judge. (CR-93-27)
 John Lloyd Coble, Marshall, Williams & Gorham, Wilmington, NC, for appellant.
 John Samuel Bowler, Asst. U.S. Atty,. Raleigh, NC, for appellee.
 Janice McKenzie Cole, U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before WILKINS and LUTTIG, Circuit Judges, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Andre Charles Stokes pled guilty to possession of a stolen United States Postal Service money order under 18 U.S.C.Sec. 500. The district court sentenced Stokes to twenty-four months imprisonment and three years supervised release. This sentence is the subject of Stokes' appeal. Because the district court failed to adhere to the requirements of United States v. Cash, 983 F.2d 558 (4th Cir.1992), cert. denied, 113 S.Ct. 2380 (1993), we vacate Stokes' sentence and remand for resentencing in accordance with Cash.
 
 I.
 
 2
 In December 1992, Stokes attempted to cash a postal service money order in the amount of $665 at the Rose Hill, North Carolina, Post Office. The Rose Hill postmaster refused to cash the money order for Stokes after she identified it as a money order that had previously been stolen from the Stella, North Carolina, Post Office. In subsequent interviews with Postal Service inspectors, Stokes admitted to cashing and attempting to cash stolen postal money orders that had been supplied to him by two unidentified males. In exchange for cashing the money orders, Stokes would receive $100, with the remainder of the money going to the two individuals who supplied the money orders. Stokes ultimately cashed six money orders resulting in an aggregate loss to the United States Postal Service of $4,393. At sentencing, Stokes received a total offense level of 5 for this conduct under the Sentencing Guidelines.
 
 
 3
 The Presentence Investigation Report catalogued Stokes' long criminal history. Since 1985, Stokes has pled guilty to one count of possession of stolen property, ten counts of petit larceny, one count of criminal possession of a controlled substance (cocaine), one count of fraudulently manipulating subway turnstiles to avoid payment of fare, three counts of misdemeanor larceny, and he was found guilty of one count of shoplifting. Stokes also has an extensive history of substance abuse, including the regular use of marijuana and cocaine. Under the Sentencing Guidelines, Stokes received a total of 26 criminal history points for this conduct, which established a criminal history category of VI.
 
 
 4
 A total offense level of 5 coupled with a criminal history category of VI yields a guideline range for imprisonment of 9 to 15 months. The district court departed upward to an offense level of 8, finding that the criminal history category of VI did not adequately reflect the seriousness of Stokes' prior criminal conduct and that it did not account for the likelihood that Stokes would commit other crimes. The district court did not, however, specifically explain why departure upward to an offense level of 6 or 7 would be inadequate for Stokes' sentence. On the basis of a total offense level of 8, the district court sentenced Stokes to twenty-four months imprisonment. Stokes now appeals his sentence.
 
 II.
 
 5
 "In determining the extent of a departure based on inadequacy of criminal history above Criminal History Category VI, the [sentencing] court should move to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." United States v. Cash, 983 F.2d 558, 561 (4th Cir.1992), cert. denied, 113 S.Ct. 2380 (1993) (citing United States v. Rusher, 966 F.2d 868, 884 (4th Cir.), cert. denied, 113 S.Ct. 351 (1992)). In sentencing Stokes, the district court departed upward to an offense level of 8 from a total offense level of 5, without addressing the adequacy of a sentence based on an offense level of 6 or 7. Instead, the district court simply found that "a criminal history category of VI does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." J.A. at 40. Such a finding is insufficient in light of Cash. Stokes' sentence must therefore be vacated and remanded for findings consistent with this Court's holding in Cash.
 
 III.
 
 6
 Stokes presents two further claims on appeal. First, he claims that the Presentence Investigation Report incorrectly overestimated his criminal history points. Defense counsel did not object to this purported error below, and to the extent that this claim is not waived on appeal, we find no evidence of plain error. Second, Stokes claims that the extent of the upward departure was unreasonable. It would be premature for us to review this claim in the absence of the requisite findings required by Cash.
 
 CONCLUSION
 
 7
 For the reasons stated herein, we vacate Stokes' sentence and remand to the district court for resentencing.
 
 VACATED AND REMANDED