36 F.3d 1094
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derric Batron ELLERBEE, Defendant-Appellant.
 No. 93-5841.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 25, 1994.
Decided Sept. 19, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-93-56)
 Douglas P. Connor, Mt. Olive, NC, for appellant.
 Janice McKenzie Cole, U.S. Atty., David P. Folmar, Jr., Special Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Derric Batron Ellerbee entered a guilty plea to one count of aiding and abetting a bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1994), 18 U.S.C. Sec. 2 (1988), and two counts of bank robbery, 18 U.S.C.A. Sec. 2113 (West Supp.1994). On the government's motion, the district court departed upward under guideline section 4A1.3* and sentenced Ellerbee to 188 months. Ellerbee appeals this sentence, arguing that the district court misapplied the guidelines and erred in departing directly to the career offender guideline. We affirm.
 
 
 2
 The presentence investigation revealed that Ellerbee was arrested on December 19, 1988, and charged with conspiracy to commit common law robbery and attempted common law robbery on December 10, 1988, as well as with attempted robbery with a dangerous weapon on December 18, 1988. On December 30, he was arrested and charged with robbery with a dangerous weapon on December 14, 1988. On January 23, 1989, Ellerbee was arrested and charged with common law robbery on December 12, 1988, and attempted common law robbery on December 16, 1988. Ellerbee was sentenced for all these offenses on April 6, 1989.
 
 
 3
 Because Ellerbee was not arrested until after he had committed all the robberies, the probation officer treated all these prior crimes of violence as related cases. USSG Sec. 4A1.2(a)(2) & comment. (n.3). They were not counted separately for criminal history purposes, except for three points assigned under guideline section 4A1.1(f) (adding one point for each prior crime of violence for which no points otherwise assigned because it is related to another case). A career offender sentence, USSG Sec. 4B1.1, was not recommended. However, the probation officer suggested that an upward departure under USSG Sec. 4A1.3 might be warranted.
 
 
 4
 The government filed a motion requesting an upward departure, and the district court granted it, finding that Ellerbee's criminal history category did not adequately reflect the seriousness of his past criminal conduct. The court did not explain how it arrived at the sentence of 188 months. However, it is clear that the offense level applicable to bank robbery under guideline section 4B1.1(C) is thirty-two. Ellerbee received a three-level adjustment for acceptance of responsibility. The resulting offense level of twenty-nine, with criminal history category VI, yields a guideline range of 151-188 months.
 
 
 5
 We find no fault with the sentence imposed. The Sentencing Commission has identified an inadequate criminal history category as a possible ground for departure. Moreover, when the defendant is a de facto career offender, as Ellerbee is, the district court may depart directly to the career offender guideline. United States v. Cash, 983 F.2d 558, 562 & n. 8 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3773 (U.S.1993). The 188-month sentence (approximately 15.6 years) does not exceed the statutory maximum of twenty years.
 
 
 6
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)