UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 95-5669

VERNON WELDON DICKERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-95-44-BR)

Submitted: May 28, 1996

Decided: June 19, 1996

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Yvonne V. Watford-McKinney, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Vernon Weldon Dickerson entered a guilty plea to one count of possessing counterfeit United States obligations with intent to defraud, 18 U.S.C.A. § 472 (West Supp. 1996). The district court departed upward pursuant to USSG § 4A1.3, p.s.,**1** and sentenced him to a term of 51 months imprisonment. Dickerson appeals his sentence, contending that the district court failed to comply with the dictates of United States v. Cash, 983 F.2d 558, 561-63 (4th Cir. 1992), cert. denied, 508 U.S. 924 (1993), and United States v. Rusher, 966 F.2d 868, 884 (4th Cir.), cert. denied, 506 U.S. 926 (1992). We affirm.

Dickerson's offense level was 7. He had 39 criminal history points, which put him in criminal history category VI. His guideline range was 15-21 months. The probation officer suggested that the district court might consider an upward departure pursuant to USSG § 4A1.3.

At the sentencing hearing, the district court described in detail Dickerson's prior convictions and the criminal points he had received. The court announced that it would depart pursuant to USSG § 4A1.3 by increasing the offense level until it found the guideline range appropriate to the case. The district court then added 8 offense levels (1 level for each 3 additional criminal history points above 15) to account for the 24 criminal history points which Dickerson had accumulated in excess of those necessary for criminal history category VI.**2** The court stated: "The court has considered each intervening offense level and finds that no intervening level would adequately account for the defendant's past or his propensity for future criminality." The departure increased Dickerson's offense level to 15, which made his guideline range 41-51 months. A sentence of 51 months was imposed.

In Cash and Rusher, this court explained the options available
_____
**1** United States Sentencing Commission, Guidelines Manual (Nov. 1994).
**2** The district court treated category VI as appropriate to a defendant having 13-15 criminal history points.

2

when the district court wishes to depart upward because the defendant's criminal history category VI does not adequately reflect his past criminal conduct or the likelihood that he will commit other crimes, but the defendant does not qualify for treatment as a de facto career offender. The district court may "move to successively higher criminal history categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." Cash, 983 F.2d at 561 (quoting Rusher, 966 F.2d at 884). An alternative method is to depart "by moving vertically to successively higher offense levels in Category VI." Cash, 983 F.2d at 561 n.6. Using either method, the district court must state why each successive criminal history category or offense level is inadequate before moving to a higher one. Rusher, 966 F.2d at 885.

Dickerson argues on appeal that the district court failed to make specific findings concerning the inadequacy of each intervening criminal history category or offense level before moving to a higher one, as required by Cash and Rusher. He contends that the district court instead departed upward by eight offense levels"in wholesale fashion by jumping one level for every 3 criminal history points above 15." He asserts that the court made only a "conclusory observation" that the intervening levels were inadequate and that the level-by-level analysis mandated by Rusher requires more than "a rigid mathematical analysis based on defendant's criminal history score."

However, Rusher does not require an in-depth discussion of why the district court believes that each intervening category or offense level is inadequate. In this case, the district court's rationale for departing to offense level 15, rather than a lower offense level, was straightforward and self-explanatory. We find that the court complied adequately with Rusher.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3