UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5697

HOWARD HARDY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-95-156-A)

Submitted: August 30, 1996

Decided: September 23, 1996

Before HALL, WILKINS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Drewry B. Hutcheson, Jr., Duncan Packer, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Irvin McCreary
Allen, Special Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Howard Hardy appeals his sentence following his plea of guilty to prisoner possession of heroin. See 18 U.S.C.§ 13 (1988) assimilating Va. Code Ann. § 53.1-203(5) (Michie 1994). For the reasons that follow, we vacate Hardy's sentence and remand for resentencing.

Shortly before sentencing, the district court filed a "Notice of Intent to Depart Upward," remarking that Hardy's criminal history category inadequately reflected the seriousness of his past criminal conduct and the likelihood that he would commit other crimes. The district court noted that Hardy's serious juvenile offenses resulted in no criminal history points because Hardy committed them more than five years prior to the instant offense. See United States Sentencing Commission, Guidelines Manual § 4A1.2(d) (Nov. 1, 1994). Based on those adjudications and a psychiatric evaluation which concluded that Hardy fit the profile of a repeat sexual offender, the district court announced its intention to depart from the calculated criminal history category IV to criminal history category VI. Hardy's counsel objected generally to the intention to depart upward.

At sentencing, Hardy's counsel again argued in general terms that the Sentencing Commission had adequately considered juvenile adjudications and that the district court should not depart on that ground. Further, counsel explained that Hardy was "intelligent, engaging, and serious" and requested leniency for his client. The district court imposed its sentence and departed upward sentencing Hardy to thirty-three months imprisonment based on a criminal history category of VI and an offense level of eleven. The district court did not make any mention of the propriety of a sentence under criminal history category V. Hardy filed a timely appeal.

On appeal, Hardy contends that his sentence should be vacated because in departing upward based on the inadequacy of his criminal history category, the district court did not comply with the dictates of United States v. Rusher, 966 F.2d 868, 884 (4th Cir.), cert. denied, 506 U.S. 926 (1992). When a district court chooses to depart upward based on an inadequacy of the criminal history, the sentencing court

2

should depart "first to the next higher category and . . . move on to a still higher category only upon a finding that the next higher category fails adequately to reflect the seriousness of the defendant's record." Id. While this holding has been described as dicta,* this Court concluded that Rusher "identified the proper approach to be taken." Cash, 983 F.2d at 561 n.7. Although the sentencing court is generally afforded broad discretion in its decision to depart upward from the sentencing guidelines, see United States v. Summers, 893 F.2d 63, 68 (4th Cir. 1990), there is an abuse of discretion when the sentencing court's exercise is flawed by erroneous factual or legal premises. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The district court's exercise of its discretion in this instance was flawed by the court's reliance on an erroneous legal premise, namely that the court could depart to the two levels of criminal history without considering the intermediate level.

The Government argues that the district court sufficiently complied with Rusher because the court did not simply determine a sentence and then choose the appropriate criminal history category post hoc to encompass a sentence in the applicable range. Appellee's Br. at 12; cf. Rusher, 966 F.2d at 883. We disagree. The Government concedes that the district court did not specifically consider category V. Although it may well be a "reasonable assumption" that the court implicitly considered category V inadequate, as the Government suggests, Rusher requires an explicit consideration of the issue, however cursory. The district court made no such explicit consideration. This was error and it requires that we remand this case for resentencing.

Hardy's other assignments of error are without merit and need not detain us for long. We find that, despite the sentencing court's failure to consider the intermediate level, the decision to depart upward was sufficiently explained and was based on reliable information contained in a presentence investigation report to which Hardy did not object. Hardy's argument that the juvenile adjudications must be crimes of violence to form the basis for an upward departure is without support and aside from the point. See U.S.S.G. § 4A1.2(d)(2),

_____

*United States v. Cash, 983 F.2d 558, 561 n.7 (4th Cir. 1992), cert denied, 508 U.S. 924 (1993); see also United States v. Harrison, 58 F.3d 115, 121 (4th Cir. 1996) (Niemeyer, J., dissenting).

3

application note 8. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

VACATED AND REMANDED

4