**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4145

SHAWN MICHAEL REYNOLDS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Rockingham.
N. Carlton Tilley, Jr., District Judge.
(CR-95-306)

Submitted: June 30, 1997

Decided: July 25, 1997

Before HALL, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Scott P. Mebane, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Shawn Michael Reynolds appeals the 27-month sentence he received after he pled guilty to three counts of passing and uttering counterfeit Federal Reserve notes, 18 U.S.C. § 472 (1994). He contends that the district court abused its discretion by departing above criminal history category VI pursuant to United States Sentencing Commission, Guidelines Manual, § 4A1.3, p.s. (Nov. 1996), and also failed to explain the extent of the departure. We affirm.

Reynolds' 25 criminal history points placed him in category VI. With an offense level of 7, his guideline range was 15-21 months. At his first sentencing hearing, the district court informed Reynolds that it was considering an upward departure because of the seriousness of his prior record. Sentencing was continued to allow the parties to address the issue. Reynolds had numerous convictions for breaking and entering and larceny, a conviction for burglary, one for communicating threats and assault, and several minor drug convictions. The probation officer noted in the revised presentence report that an upward departure might be warranted and suggested that the departure might be structured by adding one offense level for each additional three criminal history points that Reynolds had amassed. Departing above category VI by moving to successively higher offense levels is a method which has been approved by this court. See United States v. Cash, 983 F.2d 558, 561 & n.6 (4th Cir. 1992). At the second sentencing hearing, the government recommended an upward departure. Ultimately, the court departed upward four offense levels, following the probation officer's suggestion, and imposed sentence at the bottom of the new guideline range of 27-33 months.

Reynolds first argues that the departure was unjustified. We review the district court's decision to depart for abuse of discretion. Koon v. United States, ___ U.S. ___, 64 U.S.L.W. 4512 (U.S. June 13, 1996) (Nos. 94-1664/8842). Under USSG § 4A1.3, departure is encouraged if the defendant's criminal history is over- or underrepresented. The court found that category VI was not adequate because of the frequency and seriousness of Reynolds' prior criminal conduct. We agree.

2

Reynolds also contends that the district court failed to consider each successively higher offense level and make specific findings before proceeding to the next higher one. See Cash, 983 F.2d at 561-63; United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). While the court did not make a specific finding concerning each higher offense level, it found that the probation officer's suggested method of departure was the right way to arrive at an appropriate guideline range "following the Fourth Circuit's incremental analysis in departing upward in this kind of case." The court's comments indicate that its intention was to comply with the dictates of Cash and Rusher, and that it considered the intervening offense levels inadequate to account for Reynolds' past criminal conduct. We find that remand for a more explicit statement from the court is unnecessary.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3