**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Willis Ray CASH, Defendant–Appellant.**

**No. 91–5869.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 2, 1992.

Decided Dec. 14, 1992.

---

Michael W. Patrick, Haywood, Denny, Miller, Johnson, Sessoms & Patrick, Chapel Hill, NC, argued for defendant-appellant.

John Warren Stone, Jr., Asst. U.S. Atty., Greensboro, NC, argued (Robert H. Edmunds, Jr., U.S. Atty., on brief), for plaintiff-appellee.

Before HALL and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.

## OPINION

WILKINS, Circuit Judge:

Willis Ray Cash was convicted of bank robbery. 18 U.S.C.A. §§ 2113(a), 2(a) (West Supp.1992 and West 1969). He principally challenges his sentence, arguing

that the district court used a constitutionally invalid prior conviction to sentence him as a career offender. *See* 28 U.S.C.A. § 994(h) (West Supp.1992); United States Sentencing Commission, *Guidelines Manual*, § 4B1.1 (Nov. 1990). He also contends that the sentence the district court imposed in the alternative, based on the inadequacy of his Criminal History Category, *see* U.S.S.G. § 4A1.3, p.s., was unreasonable. We affirm.

## I.

Cash had an extensive criminal record. Over a 17–year period he had been convicted of over 40 separate offenses as an adult. The probation officer attributed 39 criminal history points to Cash, placing him in the highest Criminal History Category, Category VI.[1] Cash's past offenses included one conviction for housebreaking and larceny and four assault convictions, all of which qualified as crimes of violence.[2] Because Cash had committed at least two prior crimes of violence in addition to his current conviction for bank robbery, the probation officer recommended that Cash be sentenced as a career offender. The probation officer relied on the housebreaking and larceny offense and one of the assaults as the two predicate offenses necessary to establish career offender status.[3]

At the sentencing hearing, Cash objected to the use of the assault conviction as one of the predicate offenses for career offender status. While he did not deny actually committing any of his prior offenses, in-

---

1. The author of the presentence report recommended that Cash's offense level be set at 24 because he robbed a financial institution, during which he made an express threat of death. *See* U.S.S.G. § 2B3.1(a)–(b)(2). When combined with Criminal History Category VI, the resulting guideline range was 100–125 months imprisonment. *See* U.S.S.G. Ch. 5, Pt.A.

2. A crime of violence is:

   any offense under federal or state law punishable by imprisonment for a term exceeding one year that—

   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

   (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or other-

wise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(1).

3. Congress directed the Sentencing Commission to assure that defendants who are at least 18 years of age, are convicted of a felony that is a crime of violence or a controlled substance offense, and have been convicted previously of two felonies that are crimes of violence or controlled substance offenses, receive a sentence of imprisonment at or near the statutory maximum. 28 U.S.C.A. § 994(h). The Commission implemented this mandate in U.S.S.G. § 4B1.1, which automatically places such defendants into Criminal History Category VI and provides for an elevated offense level so that the guideline range is near the statutory maximum.

cluding the four assault offenses, he did allege that the assault conviction relied upon was constitutionally infirm because he had pled guilty to it without being advised of or expressly waiving his rights against self-incrimination and to confront witnesses. The sentencing court agreed and, following *United States v. Jones,* 907 F.2d 456 (4th Cir.1990), *cert. denied,* 498 U.S. 1029, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991) (*Jones I*), held that this conviction could not serve as one of the predicate offenses.[4] However, over Cash's protestations on the same grounds, the district court determined that he failed to establish the constitutional invalidity of one of the other assault convictions. Consequently, the district court concluded that Cash was a career offender and sentenced him to 210 months imprisonment.[5]

In the alternative, the district court determined that even if *Jones I* barred counting one of the prior convictions of assault for purposes of 28 U.S.C.A. § 994(h), a sentence based on an upward departure was warranted. The court reasoned that if Cash's prior assault conviction could not be "counted" to classify him as a statutory career offender because it was constitutionally infirm, it could nevertheless be used in determining whether and how far to depart. The district court imposed the same sentence of 210 months imprisonment, the minimum sentence for career offenders similar to Cash.

## II.

### A.

■ "A district court must impose a sentence within a defendant's guideline range 'unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" *United States v. Hall,* 977 F.2d 861, 863 (4th Cir.1992) (quoting 18 U.S.C.A. § 3553(b) (West Supp.1992)). Thus, in determining whether to depart, a sentencing court must first identify a circumstance that was not adequately considered by the Commission in devising the sentencing guidelines. *Id.* After finding that a factual basis for departure exists, the court must next decide if such a circumstance "is of sufficient importance and magnitude" that a departure from the guideline range should result. *United States v. Goff,* 907 F.2d 1441, 1445 (4th Cir.1990). If the sentencing court determines that a sentence outside the guideline range should result, the extent of the departure must be reasonable. *See id.*

The district court found that Criminal History Category VI did not adequately represent the seriousness of Cash's past criminal conduct. The Sentencing Commission has expressly identified some circumstances that it did not adequately consider when promulgating the guidelines. *United States v. Summers,* 893 F.2d 63, 67 (4th Cir.1990). One such circumstance is the inadequacy of a defendant's Criminal History Category. U.S.S.G. § 4A1.3, p.s. (A departure may be warranted when reliable information indicates that a defendant's Criminal History Category "significantly under-represents the seriousness of the defendant's criminal history."). The district court, therefore, properly relied upon a Commission-identified circumstance in departing based on the inadequacy of Cash's Criminal History Category.

### B.

■ In determining whether a departure based upon the inadequacy of a defendant's

---

**4.** In *Jones I,* this court held that a district court has jurisdiction to entertain a defendant's challenge to the constitutional validity of prior convictions at sentencing for the purpose of determining whether the convictions should be "counted" in calculating the defendant's Criminal History Category or in establishing career offender status. *Jones I,* 907 F.2d at 461–62. More recently, in *United States v. Jones,* 977 F.2d 105 (4th Cir.1992) (*Jones II*), standards

were established for a district court to follow when exercising its informed discretion when ruling on these challenges.

**5.** Pursuant to U.S.S.G. § 4B1.1, Cash's offense level was elevated to 32, which coupled with Criminal History Category VI, provided a guideline range of 210–262 months imprisonment, U.S.S.G. Ch. 5, Pt.A.

Criminal History Category is warranted, the sentencing court should consider not only the number of prior offenses committed by a defendant but also their seriousness. *See* United States Sentencing Commission, *Guidelines Manual*, § 4A1.3, p.s. (Nov. 1992). In assessing the adequacy of a defendant's Criminal History Category, "criminal conduct underlying any conviction that is not counted in the criminal history score may be considered pursuant to § 4A1.3." U.S.S.G. § 4A1.2, comment. (n. 6); *see Jones I*, 907 F.2d at 463. The district court determined that Cash's Criminal History Category of VI significantly under-represented the seriousness of his criminal history because Cash had three times the minimum number of points necessary to qualify for Category VI. The district court also based its determination on the fact that Cash would have qualified for treatment as a career offender but for the possibility that one of his prior convictions that otherwise could have served as a predicate offense was constitutionally invalid and, therefore, could not be counted under the ruling in *Jones I*. We cannot say that the district court erred in finding that Cash's Criminal History Category significantly under-represented the seriousness of his criminal conduct. *See United States v. Rusher*, 966 F.2d 868, 884 (4th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 351, 121 L.Ed.2d 266 (1992).

### C.

■ Although we previously have discussed the proper analysis for a district court to conduct in determining the appropriate extent of a departure once it has concluded that the defendant's Criminal History Category is inadequate, our prior published decisions have been limited to departures within the existing Criminal History Categories. *See, e.g., Rusher*, 966 F.2d at 884–85. We have not addressed specifically how a court should proceed when it deems inadequate the highest Criminal History Category, Category VI, or finds that the defendant's prior criminal conduct would dictate that he be sentenced as a career offender but for the fact that the defendant has successfully challenged, pursuant to *Jones I*, one or both of the predicate offenses relied upon by the government. We take this opportunity to address these issues by discussing three approaches available to a sentencing court.

First, the court may exercise its discretion not to depart. *See* U.S.S.G. § 5K2.0, p.s. A discretionary decision by a district court not to depart is not appealable. *See United States v. Bayerle*, 898 F.2d 28, 30–31 (4th Cir.), *cert. denied*, 498 U.S. 819, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990).

Second, the court may determine the extent of a departure by extrapolating from the existing sentencing table. *See, e.g., United States v. Streit*, 962 F.2d 894, 905–06 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 431, 121 L.Ed.2d 352 (1992). Additional Criminal History Categories above Category VI may be formulated in order to craft a departure that corresponds to the existing structure of the guidelines. *See id.*[6] In determining the extent of a departure based on inadequacy of criminal history above Criminal History Category VI, the court should move to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct. *See Rusher*, 966 F.2d at 884.[7]

> Criminal History Category VI has the benefit of following the established sentencing table, making extrapolation less difficult. Moreover, because the Criminal History Categories in the sentencing table do not follow a straight-line progression, use of increased offense levels, which also increase incrementally, will avoid the imposition of a harsher sentence than intended by the guidelines.

---

**6.** Departing above Criminal History Category VI by moving vertically to successively higher offense levels in Category VI will produce roughly the same 10–15% increase in the guideline range as extrapolating horizontally by extending Criminal History Categories. *See Streit*, 962 F.2d at 905–06; U.S.S.G. § 4A1.3, p.s. (Nov. 1992) ("[T]he court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case."). Use of increased offense levels to extrapolate above

**7.** In *Rusher*, we stated that in departing upward for inadequacy of criminal history a sentencing

A third alternative may exist in certain circumstances. *Jones I* recognized that when a sentencing court is faced with a defendant whose prior criminal record is inadequately reflected by his Criminal History Category:

> a departure under [U.S.S.G. § 4A1.3, p.s.] will often result in the same sentence that would have been imposed had the invalid conviction been counted. If the court is satisfied that the criminal history score "significantly under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most closely resembles" that of defendants in the higher category that would have resulted from counting the invalid conviction, then that higher category should guide the court's discretion in setting the sentence.

*Jones I*, 907 F.2d at 466 (quoting U.S.S.G. § 4A1.3, p.s.). And, as this court earlier stated, career offender status "is a type of, not an alternative to, criminal history." *United States v. Adkins*, 937 F.2d 947, 952 (4th Cir.1991). Once the district court determines that a departure under U.S.S.G. § 4A1.3, p.s. is warranted and that the defendant's prior criminal conduct is of sufficient seriousness to conclude that he should be treated as a career offender, the district court may depart directly to the guideline range applicable to career offenders similar to the defendant. *See United States v. Hines*, 943 F.2d 348, 354–55 (4th Cir.) (per curiam), *cert. denied,* ── U.S. ──, 112 S.Ct. 613, 116 L.Ed.2d 635

(1991);[8] *United States v. Kalady*, 941 F.2d 1090, 1100 (10th Cir.1991); *United States v. Gardner*, 905 F.2d 1432, 1437–39 (10th Cir.), *cert. denied,* 498 U.S. 875, 111 S.Ct. 202, 112 L.Ed.2d 163 (10th Cir.1990); *United States v. Campbell*, 888 F.2d 76, 78–79 (11th Cir.1989), *cert. denied,* 494 U.S. 1032, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990). Thus, if a district court, based on reliable information, determines that a defendant's underlying past criminal conduct demonstrates that the defendant would be sentenced as a career offender but for the fact that one or both of the prior predicate convictions may not be counted under the ruling in *Jones I,* the court may depart directly to the career offender guideline range.

Under these facts, analogizing to the career offender guideline provides a reasoned basis for the extent of the departure. When a district court properly employs this approach, this determination includes an implicit finding that each successive Criminal History Category that would not produce a career offender sentence inadequately represents the seriousness of the defendant's criminal conduct. Therefore, we conclude that level by level consideration is unnecessary under these circumstances.

The holding that convictions that have been shown to be constitutionally invalid nevertheless may constitute reliable evidence of a defendant's prior criminal conduct is not a novel one. Indeed, in determining the appropriate extent of a departure under U.S.S.G. § 4A1.3, p.s., this court

court should depart "first to the next higher category and … move on to a still higher category only upon a finding that the next higher category fails adequately to reflect the seriousness of the defendant's record." *Rusher,* 966 F.2d at 884. Although this language is dicta, *see Rusher,* 966 F.2d at 890 (Luttig, J., concurring in part, concurring in judgment in part, and dissenting in part), we believe that it identifies the proper approach to be taken.

8. In *Hines,* 943 F.2d at 354–55, this court affirmed a sentence imposed when the district court departed upward under U.S.S.G. § 4A1.3, p.s. and sentenced the defendant as a career offender because two of the defendant's prior

crimes of violence had been consolidated for sentencing purposes and therefore did not constitute the two separate predicate felony convictions required to qualify the defendant as a career offender under U.S.S.G. § 4B1.3, *see* U.S.S.G. §§ 4A1.2(a), 4A1.2, comment. (n. 3), 4B1.2(3). Other circuits agree with this result. *See United States v. Gonzales,* 929 F.2d 213, 217–20 (6th Cir.1991); *United States v. Dorsey,* 888 F.2d 79, 80–81 (11th Cir.1989), *cert. denied,* 493 U.S. 1035, 110 S.Ct. 756, 107 L.Ed.2d 772 (1990). The same reasoning applies here. A departure to the career offender guideline range is proper because the defendant's conduct qualifies him as a de facto career offender.

has specifically approved consideration by the sentencing court of conduct underlying an invalidated conviction to determine the sanction that most resembles that provided for similar defendants with similar criminal histories. *Jones I,* 907 F.2d at 463. Moreover, we have acknowledged that such consideration will often lead the sentencing court to conclude that a departure to the same sentence that would have applied had the prior conviction(s) been "formally 'counted'" is warranted. *Id.* We, therefore, conclude that the extent of a departure generally should not be deemed unreasonable when the sentencing court departs by imposing a sentence within the guideline range applicable to a career offender when a defendant's past criminal conduct would qualify him for career offender status and he would otherwise be sentenced as one but for the constitutional invalidity of a prior conviction.

### D.

 Having concluded that a departure based on inadequacy of Cash's Criminal History Category was warranted, the district court faced the circumstances envisioned by the court in *Jones I* and, by departing to the same sentence that applied to Cash if sentenced as a career offender, imposed a sentence *Jones I* predicted would occur. Cash satisfies the age and instant offense requirements for treatment as a career offender. *See* 28 U.S.C.A. § 994(h). In addition, he does not challenge that his housebreaking and larceny conviction may serve as one of the two requisite predicate offenses for career offender status. Nor does he dispute that he committed the criminal conduct underlying the assault conviction. *See id.* Based on these facts, the district court determined that Cash's criminal history was most analogous to defendants who qualified for treatment as career offenders as defined in 28 U.S.C.A. § 994(h). The determination that Cash was a de facto career offender as far as his

*\* After decision of these appeals but before final*

victims and society were concerned is unexceptionable. Consequently, we conclude that the extent of the departure to a sentence within the guideline range applicable to a career offender was reasonable.

A reasonable departure sentence that is not imposed as a result of an incorrect application of the guidelines or in violation of law must be affirmed. 18 U.S.C.A. § 3742(f)(3) (West Supp.1992); *see also Williams v. United States,* — U.S. —, —, 112 S.Ct. 1112, 1120, 117 L.Ed.2d 341 (1992). We find that the departure sentence imposed by the district court complied with 18 U.S.C.A. § 3553(b) and U.S.S.G. § 4A1.3, p.s. and that the departure was reasonable. As a result, we need not reach Cash's claim that the district court based its finding that he was a career offender upon a constitutionally invalid prior conviction.

### III.

Cash also appeals the admission into evidence of photographs of him taken by an automatic camera located at the bank that he robbed. He also maintains that he was denied the right to testify because of advice given by his attorney. We find these claims to be meritless. Accordingly, Cash's conviction and sentence are affirmed.

AFFIRMED.