56 F.3d 62
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Andre Charles STOKES, Defendant-Appellant.
 No. 94-5833.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1995.
Decided May 23, 1995.
 
 John Lloyd Coble, MARSHALL, WILLIAMS & GORHAM, L.L.P., Wilmington, NC, for Appellant. Janice McKenzie Cole, United States Attorney, John Samuel Bowler, Assistant United States Attorney, Raleigh, NC, for Appellee.
 Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Andre Charles Stokes appeals the 24-month sentence reimposed by the district court after his case was remanded for resentencing. We affirm.
 
 
 2
 Stokes was originally sentenced to serve 24 months after his guilty plea to possessing a stolen postal money order which he attempted to cash for $655. Although Stokes's guideline range was 9-15 months, he had 24 countable criminal history points, and the district court departed upward under guideline section 4A1.3. United States Sentencing Commission, Guidelines Manual (Nov.1993). The court increased Stokes's offense level from 5 to 8, and sentenced him at the top of the resulting guideline range. Stokes appealed, and we directed the district court to comply with United States v. Cash, 983 F.2d 558, 561 & nn. 6-7 (4th Cir.1992), cert. denied, 113 S.Ct. 2380 (1993), by explaining why a lesser departure would be inadequate. United States v. Stokes, No. 93-5938 (4th Cir. Aug. 18, 1994) (unpublished).
 
 
 3
 At the resentencing hearing, the district court first held that the extent and nature of Stokes's criminal history justified a departure. Stokes argues that the district court failed to consider the nature of his prior offenses, as directed by the commentary to section 4A1.3,* and departed simply because of the large number of prior convictions. In fact, our review of the record discloses that the district court considered the nature of Stokes's prior offenses, almost all of which involved stealing in some form, as did the instant offense.
 
 
 4
 We find further that the district court complied with Cash in making the departure. When the district court departs upward under section 4A1.3, it must explain why each succeeding criminal history category is inadequate before moving to the next higher category. Cash, 983 F.2d at 561 n. 7 (citing United States v. Rusher, 966 F.2d 868, 884 (4th Cir.), cert. denied, 113 S.Ct. 351 (1992)). Under Cash, when the district court departs above Category VI, it may explain the extent of its departure either as a "horizontal" departure by extrapolating new criminal history categories, or as a "vertical" departure by moving down the sentencing table within Category VI to the offense level which yields the appropriate guideline range. The district court here employed both methods, and concluded in each case that a guideline range of 18-24 months was appropriate for a defendant with 24 criminal history points. The court explained that the intervening categories and offense levels would not adequately take into account the prior convictions for which Stokes had accumulated criminal history points.
 
 
 5
 Finally, we find that the district court did not abuse its discretion in deciding the extent of the departure. The court clearly explained the reasons for its decision to depart to a sentence of 24 months. See United States v. Gary, 18 F.3d 1123, 1131 (4th Cir.), cert. denied, 115 S.Ct. 134 (1994) (court must articulate principled basis for extent of departure).
 
 
 6
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The commentary states that "[i]n determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record."