57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frankie Alexandria BROWN, Defendant-Appellant.
 No. 93-5947.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 31, 1995.
Decided: June 8, 1995.
 
 David L. Heilberg, Charlottesville, VA, for appellant.
 Robert P. Crouch, Jr., U.S. Atty., Stephen U. Baer, Asst. U.S. Atty., J. Chapman Petersen, Third-year Law Student, Charlottesville, VA, for appellee.
 W.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before NIEMEYER and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Frankie Alexandria Brown was convicted of possession of less than five grams of crack cocaine, 21 U.S.C.A. Sec. 844(a) (West Supp.1994), and aiding and abetting in possession of crack with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), 18 U.S.C. Sec. 2 (1988). In sentencing Brown, the district court departed upward under guideline section 4A1.3, p.s.,* from the guideline range of 46-57 months to impose a sentence of ninety-six months imprisonment. Brown appeals his sentence, alleging that the district court failed to explain adequately its reason for departing above criminal history category VI and failed to give reasons for the extent of the departure. We affirm in part, vacate in part, and remand for resentencing.
 
 
 2
 Under United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991), when departing above the guideline range the sentencing court must (1) identify an aggravating factor not adequately considered under the guidelines, (2) determine that the factor exists in the case, (3) determine that the factor is sufficiently serious to warrant departure, and (4) explain its reasons for the extent of its departure. Brown contends that the last two conditions were not satisfied.
 
 
 3
 The district court found that Brown had been engaged in criminal conduct all his adult life--he was thirty-five at the time of sentencing--and that his record was egregious. Brown had repeatedly burglarized businesses in Charlottesville, Virginia, and also had convictions for auto theft, misdemeanor assault and battery, failure to appear, burglary of a residence, and statutory rape. Because, even with quite lenient treatment in the state courts, Brown had accumulated eighteen criminal history points, the district court did not abuse its discretion in finding that his past criminal conduct was sufficiently serious to warrant a departure above the guideline range.
 
 
 4
 However, in departing to a sentence of ninety-six months, the district court in effect departed from offense level sixteen to offense level twenty-one without explaining why a departure keyed to an intervening offense level would be inadequate to reflect the seriousness of Brown's past criminal conduct. It thus failed to comply with the view expressed by this Court in United States v. Rusher, 966 F.2d 868, 884-85 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992), that in departing upward in criminal history, the district court should depart "first to the next higher category and ... move on to a still higher category only upon a finding that the next higher category fails adequately to reflect the seriousness of the defendant's record."
 
 
 5
 In United States v. Cash, 983 F.2d 558, 561 & n. 6 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3773 (U.S.1993), this Court spelled out the options a sentencing court has when category VI is inadequate. It may (1) decide not to depart, (2) extrapolate hypothetical categories above VI, or move to higher offense levels to produce the same result, or (3) depart directly to the career offender guideline range in certain conditions. Cash notes that, although the language in Rusher which describes the incremental approach of option two is dicta, "it identifies the proper approach to be taken." Id. at n. 7.
 
 
 6
 Because the district court failed to comply with the dictates of Rusher and Cash, or to give any explanation for the extent of its departure, we vacate Brown's sentence and remand for resentencing in conformity with this court's decisions in Rusher and Cash. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)