UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5497

ROY L. EQUILS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-94-114)

Submitted: February 27, 1996

Decided: March 20, 1996

Before HALL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John O. Venner, Virginia Beach, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Richard C. Stephenson, Special Assis-
tant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Roy L. Equils was convicted by a jury of forgery of worthless checks, 18 U.S.C. § 7 (1988), 18 U.S.C.A.§ 13 (West Supp. 1995), assimilating Va. Code Ann. § 18.2-172 (Michie 1988) (Counts 1-4); uttering worthless checks (Counts 5-8); and theft of government property, 18 U.S.C.A. § 641 (West Supp. 1995) (Counts 9-12). He appeals his 60-month sentence, alleging that the district court erred in departing upward under USSG § 4A1.3, p.s.* We affirm.

Between November 2, 1992, and January 15, 1993, while his roommate, Michael Yates, was confined in the Naval Brig in Norfolk, Virginia, Equils used Yates's checkbook to write checks totaling $9068 at military exchanges in Virginia, as well as at Camp Pendleton, California, and Cherry Point, North Carolina. Equils's criminal record included 31 convictions between 1981 and 1994 for theft, credit card fraud, forgery, and similar offenses, as well as a conviction for escape. With 26 criminal history points, Equils was in criminal history category VI.

At sentencing, the government requested an upward departure on the ground that category VI inadequately represented Equils's past criminal conduct and the likelihood that he would commit more crimes. See USSG § 4A1.3. The district court agreed that an upward departure was warranted. Because Equils was already in the highest criminal history category, the court departed upward by 7 offense levels, making the guideline range 51-63 months, and imposed a sentence of 60 months. Equils contends that the district court departed without justification and did not adequately explain its reason for departing by 7 offense levels.

Departures are reviewed under the test set out in United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990), cert. denied, 499 U.S. 970 (1991). The district court's decision that a relevant factor has not been adequately considered under the guidelines is normally given de

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

novo review; however, a departure is authorized by USSG § 4A1.3 when the defendant's criminal history category does not sufficiently reflect the seriousness of his criminal record. The district court's determination that a defendant's criminal history category inadequately represents his past criminal conduct is a factual question reviewed under the clearly erroneous standard. Hummer, 916 F.2d at 192. Because Equils had 26 criminal history points, the district court did not clearly err in finding that category VI did not adequately reflect his past criminal conduct.

The district court's determination of the extent of a departure is reviewed for abuse of discretion. Id. A departure above category VI may be accomplished by extrapolating additional criminal history categories or moving to higher offense levels within category VI, as the district court did in this case. United States v. Cash, 983 F.2d 558, 561 n.6 (4th Cir. 1992), cert. denied, #6D 6D6D# U.S. ___, 61 U.S.L.W. 3773 (U.S. May 17, 1993) (No. 92-8142). However, the district court should consider each succeeding category and depart further only after making a finding that the category does not adequately represent the defendant's past criminal conduct. United States v. Rusher, 966 F.2d 868, 884-85 (4th Cir.), cert. denied, 506 U.S. 926. The district court made the required findings in this case; Rusher does not call for a detailed discussion of each succeeding category or offense level.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3