**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4750

RICHARD GAIL YARWOOD, a/k/a
Richard G. Yarwood,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CR-96-112)

Submitted: August 29, 1997

Decided: November 5, 1997

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Gail Yarwood appeals the 105-month sentence he received after his guilty plea to possession of an unregistered firearm (a sawed-off shotgun), 26 U.S.C. § 5841 (1994). He contends that the district court abused its discretion in departing above criminal history category VI by adding one offense level. See U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1995). We affirm.

Yarwood was 52 years old at the time of sentencing. He had numerous convictions for assault, intimidation, resisting arrest, and similar offenses, which spanned his entire adult life and were often committed while he was intoxicated. In the instant offense, Yarwood carried the concealed sawed-off shotgun into a bar and, after an argument with his ex-girlfriend, pulled out the gun and threatened to shoot her. Yarwood's 15 criminal history points were more than the 13 points necessary to put him in category VI. With an offense level of 21, his guideline range was 77-96 months. However, fifteen of his prior criminal sentences did not count toward his criminal history score because they were beyond the applicable time period. See U.S.S.G. § 4A1.2(e). All were for alcohol-related assaults or alcohol-related traffic offenses.

The government requested an upward departure, arguing that category VI significantly under-represented the seriousness of Yarwood's past criminal conduct and the likelihood that he would commit further crimes, particularly in light of the alcohol abuse which was a factor in many of his offenses and Yarwood's previous lack of interest in treatment for alcoholism. The district court agreed with this view, departed upward to offense level 22,* and imposed sentence at the top of the new guideline range of 84-105 months.

_____

*Departures above criminal history category VI may be structured by moving to higher offense levels. See United States v. Cash, 983 F.2d 558, 561 & n.6 (4th Cir. 1992).

2

A sentencing court may depart from the guideline range if it identifies a factor which is an encouraged basis for departure and is not taken into account by the applicable guideline. See Koon v. United States, 116 S. Ct. 2035, 2045 (1996). If the court determines that such a factor is present, it must then decide whether the factor is of sufficient importance that a departure should result. See United States v. Wilson, 114 F.3d 429, 433 (4th Cir. 1997). An inadequate criminal history category is an encouraged ground for departure under U.S.S.G. § 4A1.3.

On appeal, Yarwood argues that the district court erred in basing the departure on old convictions which were properly excluded under the guidelines. He cites United States v. Rusher , 966 F.2d 868, 882 (4th Cir. 1992), which held that outdated convictions may be used as a basis for departure only if they demonstrate a significant tendency to serious crime which distinguishes the defendant from the typical offender. He also claims that the court failed to explain what aspect of his criminal history was not adequately accounted for under the guideline, and based the departure in part on his conduct in the instant offense.

Although the district court's explanation of the basis for the departure was not a model of clarity, it is apparent from an examination of the record that the court was swayed by the continuing nature of Yarwood's criminal conduct and the lenient sentences he had received, the fact that some of his more recent offenses occurred soon after he was released from custody, and his failure to deal with his alcohol abuse--all predictors of a likelihood of future criminality which the guideline did not take into account. Having determined that criminal history category VI did not adequately represent Yarwood's criminal past and (more importantly in this case) his likelihood of recidivism, the court found that a departure should result. Applying the test set out in Koon, we find that the district court did not abuse its discretion in departing by one level and adding nine months to Yarwood's sentence.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED