**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4858

LARRY DONNELL SCOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-95-62)

Submitted: October 31, 1997

Decided: December 29, 1997

Before WILKINS and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

William L. Gardo, II, Hendersonville, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, William Boyum, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Donnell Scott appeals the sentence of 262 months imprison-
ment he received after he pled guilty to three counts of kidnaping, 18
U.S.C.A. § 1201(a)(1) (West 1984 & Supp. 1997), one count of trans-
porting a stolen vehicle in interstate commerce, 18 U.S.C. § 2312
(1994), and one count of possessing a stolen vehicle which had
crossed a state boundary after being stolen, 18 U.S.C. § 2313 (1994).
Scott contends that the district court erred in departing upward pursu-
ant to U.S. SENTENCING GUIDELINES MANUAL § 4A1.3, p.s. (1995), and
also failed to comply with the requirements set out in United States
v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992), and further explained
in United States v. Harrison, 58 F.3d 115, 117-18 (4th Cir. 1995). We
find that the departure was not an abuse of discretion. However,
because we agree that the departure did not comply with our prece-
dents, we vacate the sentence and remand for resentencing.

Scott's eighteen criminal history points placed him in criminal his-
tory category VI. At his first sentencing hearing, the district court
determined that Scott was not a career offender,* but continued the
sentencing to allow the government to argue for a departure above
category VI. At the second sentencing hearing, the government
argued that Scott was a de facto career offender. See United States v.
Cash, 983 F.2d 558, 562 (4th Cir. 1992) (departure directly to career
offender guideline range permissible if district court finds that defen-
dant has committed two crimes that qualify as predicate crimes for
career offender status but which for some reason cannot be counted).

_____

*A defendant is a career offender if he is at least 18 years old at the
time of the current offense, the current offense is a crime of violence or
a controlled substance offense, and he has two prior felony convictions
for either a crime of violence or a controlled substance offense. See
USSG § 4B1.1.

Alternatively, the government argued that the court should depart above category VI because Scott had received only three criminal history points for five felonies which were consolidated for sentencing, no points for two juvenile convictions for car theft, and no points for a possible 1987 conviction for assault by pointing a gun which the probation officer was unable to verify. Scott argued that all his criminal convictions had been properly accounted for in the criminal history calculation. The court determined that a departure was warranted and departed upward from offense level 26 to offense level 34. The departure produced a guideline range of 262-327 months. The court imposed a sentence of 262 months.

We first review the district court's decision to depart for abuse of discretion. See Koon v. United States, 116 S. Ct. 2035 (1996). Under USSG § 4A1.3, a criminal history category which significantly under-represents the defendant's past conduct is an encouraged factor for departure. The court cited Scott's high criminal history score, the consolidation of several of his serious crimes for sentencing, and the large number of times he had been arrested with charges subsequently being dismissed. We find that, in view of the high number of criminal history points Scott had accumulated and the consolidated sentence he received for a felony drug possession, two kidnappings, two armed robberies, and the burglary of a jewelry store, the court's decision to depart was not an abuse of discretion. In addition, we have approved the court's method of departing above category VI by moving to a higher offense level. See United States v. Cash , 983 F.2d 558, 561 & n.6 (4th Cir. 1992).

However, we find merit in Scott's second contention that the district court failed to consider each successively higher offense level and to make specific findings before proceeding to the next one. See Cash, 983 F.2d at 561 & n.6; Rusher, 966 F.2d at 884. Failure to follow this procedure is reversible error. See Harrison, 58 F.3d at 118-19. Consequently, we must vacate the sentence and remand for resentencing solely to obtain an adequate explanation of the district court's reason for departing above category VI and to make appellate review of that decision possible.

We therefore affirm the decision to depart but vacate the sentence and remand for resentencing. We dispense with oral argument

3

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

4