**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 97-4222

GREGORY J. SMITH,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-96-654)

Submitted: November 28, 1997

Decided: January 5, 1998

Before WIDENER and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Marshall Prince, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gregory J. Smith appeals the 360-month sentence he received after he pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. §§ 922(g)(1), 924(e) (West Supp. 1997). He contends that the district court abused its discretion in departing upward on the ground that a death resulted from Smith's offense. See U.S. Sentencing Guidelines Manual § 5K2.1, p.s. (1995). For the reasons explained below, we vacate the sentence and remand for resentencing.

Smith was released from a nine-year state sentence for armed robbery in June 1994. On July 11, 1994, Smith went to a grocery store with his brother and his brother's girlfriend. Smith went into the store while the others waited outside. Smith's brother got into a fight with two men in the parking lot and his girlfriend ran into the store to tell Smith. When Smith came outside and saw the fight, he pulled out a .38 caliber pistol and shot one of the men fighting with his brother. The man died shortly afterward. Smith was charged with murder in state court, but pled guilty to voluntary manslaughter. He received a twelve-year sentence and was subsequently charged with the instant federal firearms offense.

The probation officer recommended a base offense level of 26, see USSG § 2K2.1. A two-level enhancement applied because the pistol was stolen, see USSG § 2K2.4(b)(4), and a four-level enhancement was made because the firearm was used in connection with another felony, see USSG § 2K2.1(b)(5), raising the offense level to 32. Smith had three prior convictions for violent felonies and qualified for sentencing as an armed career criminal. See 18 U.S.C.A. § 924(e) (West Supp. 1997); USSG § 4B1.4. Because he was an armed career criminal and he had used the firearm in connection with another felony, Smith's offense level was further increased to 34.[1] Smith's six-

_____

[1] Under USSG § 4B1.4, Smith's offense level could be either the offense level calculated under USSG § 2K2.1 or 34 (because the firearm was used in a crime of violence), whichever was greater.

2

teen criminal history points placed him in criminal history category VI. With a three-level reduction for acceptance of responsibility, see USSG § 3E1.1, the recommended offense level was 31. The recommended guideline range was 188-235 months.

The probation officer also recommended that the district court might wish to consider an upward departure, either under USSG § 4A1.3 (Adequacy of Criminal History Category) or under USSG § 5K1.2 (Death), because a death resulted from Smith's illegal possession of a firearm. The government subsequently moved for a departure on both grounds. Following the government's recommendation, the district court departed to offense level 37 and imposed a sentence of 360 months.

A criminal history category which does not adequately reflect the defendant's past criminal conduct or potential for other crimes and the fact that a death resulted from the instant offense are both encouraged factors for departure. "Encouraged factors are those which `the [Sentencing] Commission has not been able to take into account fully in formulating the guidelines.'" Koon v. United States, ___ U.S. ___, 64 U.S.L.W. 4512, 4516 (U.S. June 13, 1996) (Nos. 94-1664/8842). Certain factors are encouraged as a basis for departure"even though the reason for departure is taken into consideration in the guidelines (e.g., as a specific offense characteristic or other adjustment), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." USSG§ 5K2.0.

To the extent that the district court based its departure on the inadequacy of criminal history category VI to reflect the likelihood that Smith would commit other crimes, the court failed to explain fully its reasons for departing upward by six offense levels. See United States v. Cash, 983 F.2d 558, 561 & nn.6-7 (4th Cir. 1992); United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). We are therefore constrained to remand the case for compliance with Cash and Rusher.

With regard to death as a basis for departure, the applicable guideline in this case directs that the most analogous guideline for homicide offenses should be applied if death resulted from the firearms offense and if the cross-reference would yield a higher offense level than the one which would otherwise apply. See  USSG

3

§ 2K2.1(c)(1)(B).[2] The presentence report did not acknowledge the cross-reference and the government did not argue that the cross-reference should be applied. There is no indication in the materials presented on appeal that the district court was made aware of the cross-reference or considered it before deciding to depart. Therefore, we find that a remand is necessary to allow the court to consider whether the cross-reference was adequate to account for the death Smith caused.

Accordingly, we vacate the sentence imposed and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

_____
[2] The homicide guidelines which might possibly apply are: USSG § 2A1.1 (First Degree Murder), base offense level 43; USSG § 2A1.2 (Second Degree Murder), base offense level 33; USSG§ 2A1.3 (Voluntary Manslaughter), base offense level 25.

4