**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 98-4225

GREGORY LYNN WIDENER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-97-30-A)

Submitted: January 26, 1999

Decided: February 17, 1999

Before LUTTIG and TRAXLER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Barry Lynn Proctor, Abingdon, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Ruth E. Plagenhoef, First Assis-
tant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory Lynn Widener pled guilty to escape, see 18 U.S.C. § 751 (1994), and contempt, see 18 U.S.C. § 401 (1994), after he escaped from a county jail where he was being detained pending a hearing on revocation of his supervised release. Departing above the guideline range of 33-41 months, the district court sentenced Widener to a term of 96 months imprisonment. See U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1997). Widener appeals the fact and the extent of the departure. We affirm.

With forty-two criminal history points, Widener was in criminal history category VI. Because he had demonstrated a lifelong pattern of criminal activity, chiefly burglary and theft, the probation officer recommended that an upward departure might be appropriate. At sentencing, arguing against a departure, defense counsel pointed out that Widener had been given a thirty-year sentence in state court for his most recent burglary. However, the district court determined that, because Widener's previous sentences had not deterred him from committing new crimes when he was released, a departure was warranted. The district court structured the departure by beginning at the offense level of thirteen and moving to a higher offense level for each additional three criminal history points Widener had accumulated in category VI until the court reached offense level twenty-one. See United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992) (district court may depart above category VI by moving to higher offense levels). The court determined that offense level twenty-one, together with criminal history category VI, was adequate to reflect the seriousness of Widener's past criminal conduct. The resulting guideline range was 77-96 months. The court imposed a sentence of 96 months.

Widener suggests that a sentence within the guideline range would have been sufficient to protect society because of the long state sentence he was serving. We review a departure decision for abuse of discretion. See Koon v. United States, 518 U.S. 81 (1996). Under USSG § 4A1.3, departure is encouraged when the criminal history category under-represents the defendant's actual criminal history. Given the excess criminal history points Widener had accumulated,

2

we cannot say that the district court abused its discretion in determining that it should depart above the guideline range.

Widener also contends that the district court abused its discretion in departing to the extent that it did, and failed to explain why a lesser departure would not have been adequate. When a sentencing court departs pursuant to USSG § 4A1.3, the court must address each sentencing category--or, in this case, each offense level--and move to a higher one only after finding that each category is inadequate to reflect the seriousness of the defendant's record. See United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). Here, the district court carefully addressed each successively higher offense level and decided that it was not adequate. The court moved to increasingly higher offense levels until it had accounted for twenty-four of the twenty-nine additional criminal history points Widener had accumulated. The court thus complied with the mandate of Rusher.

Accordingly, we affirm the sentence. The government's motion to decide the case on the briefs is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3