UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.                                              No. 00-4567

BRYANT F. CROSSON,
                *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-00-44-F)

Submitted: April 27, 2001

Decided: May 25, 2001

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, J. W. Hernandez-Cuebas, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, J. Gaston B. Williams, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Bryant Fitzgerald Crosson pled guilty to bank fraud, in violation of 18 U.S.C.A. § 1344 (West 2000). At his sentencing the district court concluded that Criminal History Category (CHC) V was underrepresentative of Crosson's past criminal conduct and of the likelihood that he would commit future crimes. The district court departed upward to CHC VI, and from a total offense level of 9 to a total offense level of 14, sentencing Crosson to 44 months imprisonment to be followed by five years of supervised release. Crosson was ordered to make restitution of $13,911.53. On appeal, Crosson argues that the district court failed to follow the procedures mandated by this court for upward departure, and that the district court twice counted a prior offense in computing the sentence.

A sentencing court may depart above the guideline range if the court finds an aggravating factor "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission . . . ." 18 U.S.C.A. § 3553(b) (West 2000). A criminal history category that significantly underrepresents the seriousness of a defendant's record or the likelihood that he will commit further crimes is grounds for an upward departure. Thus, prior sentences not used in determining the criminal history category may be considered by the district court in considering a departure. *U.S. Sentencing Guidelines Manual* § 4A1.3 (1998).

This court has held that in departing upward pursuant to § 4A1.3, the district court must provide a clear, reasoned statement in support of its departure. *United States v. Rusher*, 966 F.2d 868, 882 (4th Cir. 1992). Here, the district court clearly identified the aggravating factors and reasons for departure. We conclude that the district court did not abuse its discretion in deciding to depart upward based on Crosson's entire criminal history and on the high likelihood of his future

criminal behavior, in view of the fact that he has perpetrated three similar check-kiting schemes, two of them while on probation or supervised release from the prior offense. *Koon v. United States*, 518 U.S. 81, 98-100 (1996) (holding an abuse of discretion standard of review applicable to departure decisions). In addition, it is clear from the record that the district court did not erroneously double count a forgery conviction or otherwise improperly assess Crosson's criminal record.

Crosson next argues that the district court did not comply with the procedure for upward departure we set out in *Rusher* and *United States v. Cash*, 983 F.2d 558, 561 (4th Cir. 1992), that the court should move to the next higher category or level, and move on only after finding the range inadequate.* In departing upward by increasing the total offense level, the district court followed the procedure approved by this court. *See United States v. Harrison*, 58 F.3d 115, 118 (4th Cir. 1995). The district court departed by five levels without making specific determinations that each intervening level was inadequate, but did state that an offense level 14 was required to allow the court to increase a prior sentence of thirty-two months by one year, because the prior sentence had been inadequate to deter Crosson from committing the same conduct as soon as he was placed on supervised release. We conclude that, although we would prefer a more explicit statement of inadequacy at each offense level, the district court's rationale necessitated, and amounted to, a rejection of each level between 9 and 14. Therefore, we affirm Crosson's conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*When departing above CHC VI, it is appropriate to move vertically to successively higher offense levels in CHC VI, as the district court did here, rather than to extrapolate horizontally. *United States v. Cash*, 983 F.2d 558, 561 n.6 (4th Cir. 1992).