UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

LONNIE DEWITT RHONE,
          *Defendant-Appellant.*

No. 02-4686

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-02-60)

Submitted: February 28, 2003

Decided: March 24, 2003

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Jeanette Doran Brooks, Research & Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Felice McConnell Corpening, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Lonnie Dewitt Rhone pled guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d) (2000), after he robbed a bank in Buies Creek, North Carolina, in July 2001. Rhone had been convicted of bank robbery in 1979 and of three bank robberies, one of them an armed robbery, in 1992. The 1992 robberies were counted as one offense in Rhone's criminal history because they were related cases. *U.S. Sentencing Guidelines Manual* § 4A1.2, comment. (n.3) (2001). In sentencing Rhone for the instant offense, the district court departed upward from criminal history category II to category IV pursuant to USSG § 4A1.3, p.s., and imposed a sentence of 66 months. Rhone appeals his sentence, arguing that the court failed to provide a clear explanation for the departure.

Rhone contends that the district court erred by not specifying whether its departure was based on his uncounted 1979 bank robbery sentence or the later bank robberies that were counted in his criminal history. He also argues that the court erred by failing to structure the departure by moving incrementally to higher categories.

Our review of Rhone's criminal record reveals that the district court had ample reason to depart upward, and it appears clear that the court based its departure on the uncounted 1979 bank robbery. However, we are constrained to remand for resentencing because the court departed from criminal history category II to category IV without explaining why category III was inadequate. A departure for inadequate criminal history must comply with the requirements of *United States v. Cash*, 983 F.2d 558, 561 (4th Cir. 1992), which calls for a structured, incremental approach achieved by moving "to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." *See also United States v. Lawrence*,

161 F.3d 250, 256 (4th Cir. 1998); *United States v. Harrison*, 58 F.3d 115, 118 (4th Cir. 1995). On remand, the court should explain clearly the basis for the departure and comply with the requirements of *Cash*.

We therefore vacate the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*