**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4108

BRIAN P. KING, a/k/a Tony
DeAngelo,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
David A. Faber, District Judge.
(CR-96-88)

Submitted: November 25, 1997

Decided: December 17, 1997

Before MURNAGHAN and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Silas M. Preston, PRESTON & WEESE, L.C., Lewisburg, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Susan M. Arnold, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brian P. King appeals the 78-month sentence he received after he pled guilty to aiding and abetting bank fraud, 18 U.S.C. § 1344(1) (1994), 18 U.S.C. § 2 (1994). He contends that the district court abused its discretion by departing above criminal history category VI based on pending charges, uncharged criminal conduct, and lenient sentences he had received for past offenses. See U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1995). He also argues that the district court failed to explain adequately the extent of the departure above category VI. We affirm in part and dismiss in part.

Between December 1995 and February 1996, King persuaded his girlfriend, Teresa Ecrement, to open bank accounts in West Virginia and Missouri. He then deposited checks written on the various accounts and Ecrement's account at the West Virginia Air National Guard Credit Union, and had Ecrement write checks on the accounts, knowing there were insufficient funds to cover the checks. The check-kiting scheme continued until the credit union began receiving dishonored checks. Ecrement lost her job and agreed to cooperate with the Federal Bureau of Investigation. She then resumed her relationship with King, however, and opened two more checking accounts in Indiana and Missouri. Ecrement eventually informed authorities where they might find King, and he was subsequently arrested. During this same period, King defrauded a jewelry store of over $56,000.

King's thirteen criminal history points placed him in category VI. With an offense level of thirteen, King's guideline range was 33-41 months. At the first sentencing hearing, the district court resolved the objections to the presentence report and then informed the parties that it was considering an upward departure pursuant to § 4A1.3. Sentencing was continued to permit King and the government to address the issue. King had nine prior adult criminal convictions for writing

2

insufficient funds, forging checks, cocaine trafficking, and escape, all in California, as well as grand theft, uttering forged bills and instruments, forgery, and defrauding an innkeeper in Florida, criminal impersonation and bond violation (King absconded) in Colorado, and reckless driving in Michigan. For most of these offenses, King received probationary sentences or short prison sentences. At the time of sentencing, he had three pending charges for driving on a suspended license and writing an insufficient check at a charity auction in Michigan. The presentence report also contained accounts obtained from two women who had previous relationships with King. Both reported that he involved them in writing bad checks, used their telephones to run up huge bills, and threatened them. One of the women had to declare bankruptcy after terminating her relationship with King.

The district court determined that King's pending charges, unprosecuted criminal conduct, and prior lenient treatment in the courts warranted an upward departure. The court noted that, in departing above criminal history category VI, it was required to "structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3. The court departed to offense level nineteen, stating:

> I believe that any sentencing range below this level would be totally inappropriate in this case and would fail to satisfy the statutory objectives of sentencing. I do not believe that any sentence the court could impose at a lower level than that would fulfill the obligations I have to satisfy the statutory objectives of sentencing, so I have excluded all of the levels below level 19.

King first argues that a departure was unwarranted. We review the district court's decision to depart for abuse of discretion. See Koon v. United States, 116 S. Ct. 2035 (1996). Under USSG § 4A1.3, an upward departure is encouraged if a defendant's criminal history is underrepresented. Both pending charges and prior similar conduct not resulting in a conviction are explicitly mentioned as factors which can support an upward departure. Here, the district court also considered the lenient treatment King repeatedly received in the state courts for

3

relatively serious offenses. On these facts, we find that the district court did not abuse its discretion in deciding to depart. King incorrectly argues that the district court's consideration of similar uncharged conduct detailed in the presentence report was improper. See USSG § 1B1.4 (district court may consider any information concerning background, character, and conduct of defendant in deciding whether to depart).

King also contends that the district court arbitrarily decided on a six-level departure and failed to explain adequately why none of the intervening levels were sufficient. Moving to successively higher offense levels is an approved method of departing above category VI. See United States v. Cash, 983 F.2d 558, 561 & n.6 (4th Cir. 1992). However, the district court should move to the next higher offense level, and go on to a still higher offense level only after finding that the next higher offense level is inadequate. See Cash, 983 F.2d at 561 n.7 (citing United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992)). The court here did not make a specific finding concerning each intervening offense level, but did explain that each lesser offense level had been considered and found inadequate. We find that the court sufficiently followed the dictates of Cash and Rusher, and that remand for a more explicit statement is unnecessary. Moreover, we find that the district court did not abuse its discretion in sentencing King at the top of the new guideline range produced by the upward departure.

Finally, King concedes that he waived his right to appeal his fine under the terms of his plea agreement, but suggests that the $125,000 fine imposed was an abuse of discretion. King does not argue that the waiver was invalid; consequently, we do not address the propriety of the fine except to note that it is within the statutory maximum. See 18 U.S.C. § 1344 (1994).

The sentence is therefore affirmed. We dismiss that portion of the appeal in which King challenges his fine. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

4