UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4446

JOHNNY MACK BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-96-196)

Submitted: May 29, 1998

Decided: June 30, 1998

Before WIDENER and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Philip J. Combs,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Johnny Mack Brown appeals his conviction and 120-month sentence for possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West Supp. 1998). We affirm the conviction but vacate the sentence and remand for resentencing.

I

Franklin Stump, a deputy sheriff for Raleigh County, West Virginia, testified that in January 1995 he went to a pawn shop near Beckley, West Virginia, to look for stolen property in connection with a burglary investigation. During the investigation, Stump found a pawn ticket for a shotgun. The ticket had Brown's name on it. Stump knew Brown to be a convicted felon who was not allowed to possess a firearm. Stump left the pawn shop and returned with a photo lineup that included Brown's photograph. The owner of the pawn shop identified Brown as the person who had pawned the gun. Stump then took possession of the shotgun and left the shop. As he was leaving, Brown pulled up and asked Stump where he was going with "his" gun.

Stump contacted the Bureau of Alcohol, Tobacco, and Firearms (ATF). Two ATF agents interviewed Brown about the gun, which was manufactured in Canada. One of the agents testified that Brown admitted to her that he had pawned the shotgun. He asked to be taken to jail, conceding his guilt.

A jury convicted Stump of being a felon in possession of a firearm. A probation officer determined that, with an offense level of 18 and a criminal history category of VI, Brown's guideline range was 57-71 months. At sentencing, however, the district court determined that an upward departure to the statutory maximum of 120 months was war-

2

ranted. See 18 U.S.C.A. § 924(a)(2) (West Supp. 1998). Brown appeals, challenging both his conviction and sentence.

II

Brown first contends that the government failed to show that the shotgun possessed a substantial and explicit connection to interstate commerce. We have never held that such a showing is necessary to convict under § 922(g)(1). Rather, we have found that the statute requires only a minimal nexus. See United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996). The minimal nexus requirement was satisfied in this case because the firearm was manufactured in Canada and made its way to West Virginia.

III

Brown's base offense level of 20 was reduced by 2 levels for acceptance of responsibility. He had 21 criminal history points, placing him in criminal history category VI. The resulting guideline range was 57-71 months. Brown was statutorily subject to a maximum term of imprisonment of ten years.

At sentencing, the district court heard argument on the United States' motion for upward departure from the guideline range. Following argument, the court granted the motion, finding that an upward departure was authorized under USSG § 4A1.3, p.s. The court granted the motion because Brown's criminal history category did not adequately reflect the seriousness of his criminal conduct or the likelihood that he would commit other crimes.

The court observed that a departure under § 4A1.3(e) is authorized for inadequate criminal history if there was prior adult criminal conduct not resulting in convictions. The presentence report identified twenty-six arrests between January 1973[1] and March 1995 that did not result in convictions. Among the more serious charges for which Brown was arrested but not convicted were carrying a deadly and

---------------------------------------------------------------------

[1] Brown was born on July 19, 1954.

3

dangerous weapon; malicious wounding; battery, intimidating a witness, and brandishing; and sexual assault.**2**

Further, the court stated that § 4A1.3 permits a departure if the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that he will commit other crimes. The court found that Brown previously had received extremely lenient sentences considering the serious charges of which he had been convicted. For instance, in 1992 Brown was convicted of attempted first degree murder of and unlawful assault upon his wife, whom he shot. He served just over two years for those offenses.

The court commented that Brown's documented criminal activities began in 1970 and recurred regularly thereafter, with no meaningful interruptions. Brown committed the instant offense a mere two months after his release from the West Virginia Penitentiary. He committed additional offenses after the subject offense and following his initial indictment in this case. Brown's activities revealed a lack of respect for the law and the rights of others. His prior punishments had not deterred future criminal behavior. Therefore, the court concluded that there was a strong likelihood that Brown would commit other crimes.

For the foregoing reasons, the district court determined that a departure to the statutory maximum of ten years was warranted. The court departed to offense level 24; with a criminal history category of VI, the resulting guideline range was 100-125 months. The court sentenced Brown within that range to the statutory maximum of 120 months.

Brown contends on appeal that because the district court employed the incorrect methodology in arriving at the higher offense level, the sentence must be vacated. We agree.

_____

**2** Despite this extensive arrest record, "a prior arrest record itself shall not be considered [as a basis for departure] under § 4A1.3." USSG § 4A1.3, p.s. The district court should take this into account at resentencing.

4

The district court determined that Brown should be sentenced to the maximum term possible, or 120 months. To accomplish this, the court moved from the highest possible offense level (43) numerically down category VI of the Sentencing Table until it reached the lowest offense level (24) that would result in a guideline range that afforded the possibility of a 120-month sentence.

The court used the wrong procedure to reach its desired result. Cases from this court addressing departures above category VI dictate that the district court first identify the applicable guideline range (here, 57-71 months) and then increase the offense level incrementally until it reaches a guideline range that the court considers appropriate. As it moves from one offense level to the next, the court must explicitly state why the guideline range at each level is insufficient. See United States v. Harrison, 58 F.3d 115, 118 (4th Cir. 1995); United States v. Cash, 983 F.2d 558, 561-63 (4th Cir. 1992); United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). Because the district court used the incorrect methodology, it abused its discretion in sentencing Brown. See Koon v. United States, 581 U.S. 81, 92-100 (1996).

We accordingly affirm Brown's conviction, vacate his sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED AND REMANDED IN PART

5