UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 98-4109

JERRY DEAN HESS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-97-28)

Submitted: December 22, 1998

Decided: January 21, 1999

Before NIEMEYER and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Nancy Combs Dickenson, Lebanon, Virginia, for Appellant. Robert
P. Crouch, Jr., United States Attorney, S. Randall Ramseyer, Assis-
tant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jerry Dean Hess pled guilty to breaking open post office letter boxes, see 18 U.S.C. § 1705 (1994) (Count Two), and to conspiracy to commit offenses against the United States, see 18 U.S.C. § 371 (1994) (Count Four). The district court imposed a sentence of ninety-six months by sentencing Hess to the statutory maximum of three years on Count Two and to a consecutive five-year sentence (also the statutory maximum) on Count Four. Hess contends that the district court abused its discretion in departing upward to the maximum sentence pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1997). We affirm.

Hess had an offense level of ten. He was in criminal history category VI and his recommended guideline range was 24-30 months. However, because Hess had accumulated fifty-six criminal history points between 1988 and 1997, the probation officer recommended that an upward departure under § 4A1.3 might be warranted. The district court departed upward by eleven offense levels, adding a level for each three criminal history points Hess had accumulated beyond the thirteen points necessary to place him in category VI, until it reached offense level twenty-one and a guideline range of 77-96 months. The court found that each lower level was inadequate to reflect the seriousness of Hess' prior criminal conduct and the likelihood that he would commit further crimes. On appeal, Hess argues that the court failed to consider that Hess had been addicted to drugs and alcohol since his teens and that none of his counted offenses (chiefly breaking and entering and larcenies) resulted in personal injury to his victims. He also contends that, even if a departure was warranted, the extent of the court's departure was too great.

We review the court's decision to depart for abuse of discretion. See Koon v. United States, 518 U.S. 81, 100 (1996). Under § 4A1.3, a departure is encouraged if the defendant's criminal history significantly underrepresents his past criminal conduct or likelihood that he will commit further crimes. An encouraged factor may be the basis for a departure if it is not already accounted for in the applicable guideline. See Koon, 518 U.S. at 96; United States v. Rybicki, 96 F.3d

2

754, 758 (4th Cir. 1996). The court's decision that a departure is justified is reviewed de novo. See Rybicki, 96 F.3d at 757-58; United States v. Barber, 119 F.3d 276, 282 (4th Cir.), cert. denied, 118 S. Ct. 457 (1997). Because Hess had a total of fifty-six criminal history points, we find no error in the district court's decision to depart.

The district court must provide a principled basis for the extent of a departure. See United States v. Gary, 18 F.3d 1123, 1131 (4th Cir. 1994). Here, the district court structured the departure by moving to successively higher offense levels to account for as many of the excess criminal history points as possible, a method of departing above category VI which we approved in United States v. Cash, 983 F.2d 558, 561 & n.6 (4th Cir. 1992). Because the court provided a clear rationale for the extent of the departure, we find that it did not abuse its discretion in departing to offense level twenty-one and imposing the statutory maximum sentence on each count to achieve a sentence within the resulting guideline range.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3