UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4727

DAVID L. MURPHY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-98-227)

Submitted: July 20, 1999

Decided: August 9, 1999

Before WILKINS, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Melisa White Gay, Charleston, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Scott N. Schools, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Murphy was charged with eleven counts of bank fraud, see 18 U.S.C. § 1344 (1994), and pled guilty to Count One of the indictment. He appeals the 92-month sentence of imprisonment imposed by the district court, contending that the court erred in considering both actual loss and intended loss for sentencing purposes, see U.S. Sentencing Guidelines Manual § 2F1.1 (1997), and erred in departing upward by fourteen offense levels pursuant to USSG§ 4A1.3, p.s. We affirm.

Murphy opened a checking account and a business account at First Union bank in North Charleston, South Carolina, using a false Social Security number. He deposited $150 in cash and nine checks drawn on a closed account in Texas, then withdrew $2345, resulting in a loss in that amount to the bank. Murphy subsequently opened a checking account at First Federal of Charleston using his real Social Security number, deposited $60 in cash and a check for $550 drawn on the Texas account, and then cashed a series of checks drawn on the now closed First Union account. This resulted in a loss to First Federal of $4625. Murphy also wrote worthless checks drawn on the First Federal account to local merchants, resulting in losses to them of $7800. The district court combined these losses to calculate a total loss of $14,770, and a three-level increase under USSG § 2F1.1(b)(1)(D). Murphy objected unsuccessfully that the loss to the merchants should not be included because his plea agreement called only for restitution of $6970 to the two banks and because his attorney had not been aware of other losses when the plea agreement was formulated. The court departed upward from offense level 9 to offense level 23 under USSG § 4A1.3, finding that criminal history category VI did not adequately reflect Murphy's past criminal conduct.

We first consider the district court's finding concerning the amount of loss. "Loss" is generally defined in USSG§ 2B1.1, comment. (n.2) as "the value of the property taken, damaged, or destroyed." In determining the loss caused by a fraud offense, the district court should consider actual losses and also intended loss "if it is greater than the actual loss." USSG § 2F1.1, comment. (n.7).

2

Murphy argues that, because his conviction was for bank fraud, only the losses to the banks should be considered. He further contends that the court may consider either actual loss or intended loss, but not both, and that the losses to the merchants were intended loss to the banks. Because Murphy objected to the inclusion of the $7800 loss to the merchants on different grounds in the district court, the issue is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993) (appellant must show that error occurred which was plain, affected his substantial rights, and requires correction to protect fairness, integrity, or public reputation of judicial proceedings). The argument fails because, as the district court correctly found, the losses to the merchants were relevant conduct under § 1B1.3(a)(2). Moreover, all the losses considered were actual losses. Therefore, the district court did not plainly err in counting the merchants' losses.

Departures are reviewed under the test set out in Koon v. United States, 518 U.S. 81, 96-100 (1996). A criminal history category which inadequately reflects the defendant's past criminal conduct is an encouraged factor for departure. See USSG§ 4A1.3. Murphy objects to the extent of the departure, which we review for abuse of discretion, see United States v. Gary, 18 F.3d 1123, 1130 (4th Cir. 1994), and to the court's method of structuring the departure. The district court noted that category VI accounted for only 15 of Murphy's 63 criminal history points. The court removed two minor offenses from consideration and determined that 44 criminal history points remained. The court divided that number by three (the number of criminal history points in most criminal history categories), for a result of 14. The court then added 14 offense levels, arriving at a final offense level of 23 and a guideline range of 92-115 months.

In adding offense levels rather than new criminal history categories to structure its departure above category VI, the district court followed a procedure that we have approved. See United States v. Cash, 983 F.2d 558, 561 n.6 (4th Cir. 1992). Murphy argues that the district court used a mechanical approach to determine the extent of the departure, failed to consider the seriousness of the unaccounted-for offenses, and failed to make the level-by-level findings required under United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). We find that the district court considered the nature of the uncounted offenses, as evidenced by its removal of two less serious offenses from consid-

3

eration. The rest were properly considered because they were offenses similar to the instant offense and were serious in nature. Murphy received substantial sentences for many of them. The court's "mechanical" approach incorporated the necessary level-by-level findings. Therefore, we find that the district court did not abuse its discretion in departing by 14 levels.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4