UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4011

JOHN GEORGE HORTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-97-15)

Submitted: August 31, 1999

Decided: September 23, 1999

Before NIEMEYER, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen V. Groh, Hagerstown, Maryland, for Appellant. David E.
Godwin, United States Attorney, Sherry L. Muncy, Assistant United
States Attorney, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John George Horton was previously sentenced to a term of sixty months imprisonment following his guilty plea to possession of a firearm after conviction of a felony. He appealed, alleging in part that the district court erred in departing above criminal history category VI pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1997), in light of Horton's twenty-four criminal history points. We affirmed the district court's decision to depart, but remanded for an explanation of the extent of the departure as required by United States v. Cash, 983 F.2d 558 (4th Cir. 1992), and United States v. Rusher, 966 F.2d 868 (4th Cir. 1992). See United States v. Horton , No. 98-4131 (4th Cir. Oct. 26, 1998) (unpublished).

On remand, defense counsel presented the court with a chart which extrapolated criminal history categories above category VI at the rate of one new category for each additional three criminal history points above twelve points, and suggested that a departure from offense level 12 to offense level 15, and a resulting guideline range of 41-51 months, would be appropriate. The district court followed this suggestion, departing from offense level 12 to level 15. The court explained that offense levels 12, 13, and 14 were inadequate to account for Horton's lenient treatment of Horton by the state courts, including charging decisions and imposition of concurrent sentences for unrelated offenses. The court also found Horton's recidivism and his propensity for violence to be significant factors, and noted that the departure was the one that Horton's "mechanical method" suggested. The new guideline range was 41-51 months. The court imposed a sentence of 48 months.

In this second appeal, Horton claims that the district court erred in departing upward based on arrests for which Horton received no conviction or sentence, and also erred in considering crimes for which Horton was never charged. We find these claims to be without merit. First, we have already affirmed the district court's decision to depart based on the large number of criminal history points Horton had accumulated. Second, a departure of three offense levels was amply justified and explained under the method urged by Horton himself through

2

his attorney. The district court did not need to go further, but did so in an attempt to give a more complete explanation for the extent of the departure. We do not find that the court erred simply by reviewing Horton's prior criminal conduct.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3