**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 98-4104

TONY JUAN ESCANO,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
W. Earl Britt, Senior District Judge.
(CR-97-11-BR)

Argued: December 3, 1999

Decided: January 18, 2000

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Anthony Martin, FEDERAL PUBLIC DEFEND-
ER'S OFFICE, Raleigh, North Carolina, for Appellant. Anne Marga-
ret Hayes, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee. **ON BRIEF:** William Arthur Webb, Federal Public
Defender, Edwin C. Walker, Assistant Federal Public Defender,
Raleigh, North Carolina, for Appellant. Janice McKenzie Cole,
United States Attorney, Jane H. Jackson, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tony Juan Escano (Escano) pled guilty to possession with the intent to distribute marijuana. <u>See</u> 21 U.S.C.A. § 841(a)(1) (West 1999). The district court sentenced Escano to 137 months' imprisonment. Escano challenges his sentence, arguing that the district court erred in making an upward departure based on the inadequacy of his criminal history category. <u>See U.S. Sentencing Guidelines Manual</u>, § 4A1.3, p.s. (1997). We affirm.

I.

Escano's criminal history is extensive and spans more than twenty years. The district court calculated Escano's offense level at twenty-one, which included a three-level reduction for acceptance of responsibility. <u>See</u> U.S.S.G. § 3E1.1.[1] His prior convictions placed Escano in criminal history category VI, the highest criminal history category.[2] Escano's resulting sentencing range was seventy-seven to ninety-six months' imprisonment. The presentence report suggested that the district court consider an upward departure pursuant to U.S.S.G. § 4A1.3 on the grounds that Escano's criminal record was significantly more

_____

[1] Pursuant to U.S.S.G. § 2D1.1, Escano's possession of 91 kilograms of marijuana warrants a base offense level of 24.

[2] Criminal history category VI applies to defendants having 13 or more criminal history points. The following convictions were relied upon in calculating Escano's 13 criminal history points: (1) a 1982 California conviction for grand theft for which he was sentenced to one year in jail; (2) a 1987 California conviction for receipt of stolen property for which he was sentenced to 16 months in jail; (3) a 1992 California conviction for taking a vehicle without the owner's consent for which he was sentenced to 60 days in jail; and (4) a 1994 California conviction for possession of controlled substances for which he was sentenced to 16 months in jail.

serious than most defendants in the same category and that Escano's likelihood of recidivism was extremely high. A number of Escano's prior convictions had not been scored in the criminal history category because they were too remote in time.**3** See U.S.S.G. § 4A1.2(e).

The district court determined that Escano's criminal history category seriously underrepresented his true criminal history and that an upward departure was "absolutely necessary." J.A. 37. In imposing its sentence, the district court stated:

> [T]he Court departs upward from Criminal History Category VI and finds that Criminal History Category VI significantly underrepresents the significance of the defendant's criminal history and the likelihood of recidivism.
>
> The defendant has an extensive history of theft related convictions, a battery conviction originally charged as rape, and substance abuse convictions which, due to the age, were not reflected in the criminal history category.
>
> Given the serious nature, degree of victimization and overall longevity of the defendant's criminal history spanning some 20 years, the Court finds that an upward departure is warranted.

J.A. 42. Accordingly, the district court adopted the recommendation

_____

**3** Those uncounted prior convictions include the following: (1) a 1971 California conviction for petty theft; (2) a 1971 California conviction for tampering; (3) a 1971 California conviction for taking a vehicle without the owner's consent; (4) a 1974 California conviction for possession of concentrated cannabis; (5) a 1975 California conviction for first degree burglary for which he was sentenced to one year in jail; (6) a 1980 California conviction for battery; (7) 1984 and 1985 California convictions for receiving stolen property; (8) a 1986 California conviction of theft of personal property; (9) a 1987 California conviction for being under the influence of controlled substances; and (10) a 1987 California conviction for being under the influence of controlled substances. The presentence report also included four rape charges against Escano, each of which were dismissed because the victims were too afraid to testify. J.A. 62-65.

in the presentence report and departed upward from Escano's applicable guideline range of seventy-seven to ninety-six months. Specifically, the district court departed upward four offense levels, resulting in a sentencing range of 110-137 months. See U.S.S.G. § 4A1.3. Escano objected to the upward departure, arguing that the prior convictions not counted in computing the criminal history did not meet the requirements of U.S.S.G. § 4A1.3 in order to be considered by the court as a basis for upward departure. Nevertheless, the district court sentenced Escano to 137 months' imprisonment. Escano appeals.

II.

We review the district court's decision to impose a departure sentence for abuse of discretion. See Koon v. United States, 518 U.S. 81, 98-99 (1996).

The Sentencing Guidelines expressly permit a court to depart upward from the guidelines when a defendant's criminal history category does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit further crimes. See U.S.S.G. § 4A1.3, p.s.; United States v. Cash, 983 F.2d 558, 560 (4th Cir. 1992); see also United States v. Barber, 119 F.3d 276, 280-81 (4th Cir. 1997) (en banc) (explaining that a district court may depart on the basis of an "encouraged factor" expressly identified by the guidelines as a potential basis for departure). Pursuant to U.S.S.G. § 4A1.2(e), some prior convictions are not assigned criminal history points because the convictions are too remote in time.[4] However, in

_____

[4] U.S.S.G. § 4A1.2(e) states:

> (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
>
> (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

4

determining whether a defendant's criminal history is underrepresented so as to justify an upward departure, a court may consider those uncounted prior convictions if the prior convictions are evidence of similar or serious dissimilar criminal conduct. See U.S.S.G. § 4A1.2, comment. (n.8). The sentencing court should not base its determination merely on the number of prior offenses committed by a defendant, but should also consider that their nature often better reflects the seriousness of the defendant's criminal record. See U.S.S.G. § 4A1.3, p.s.; Cash, 983 F.2d at 560-61.

In determining whether convictions for serious dissimilar conduct justify a departure, "[t]he court must determine whether the circumstance identified and found to exist in the particular case is of sufficient importance and magnitude." United States v. Rusher, 966 F.2d 868, 882 (4th Cir. 1992). The district court properly considered several of Escano's serious dissimilar criminal convictions in justifying the upward departure, the most significant of which were the following: (1) a 1975 conviction of first degree burglary for which Escano was sentenced to one year in jail and five years probation;[5] and (2) a 1980 conviction of battery for which Escano was sentenced to thirty days in jail and thirty-six months' probation.[6] The offense conduct, the sentences imposed, and the elements of these crimes establish that they are serious crimes and evidence Escano's propensity to commit violence.

The district court also properly considered several similar prior

_____

> (3) Any prior sentence not within the time periods specified above is not counted.
>
> (4) The applicable time period for certain sentences resulting from offenses committed prior to age eighteen is governed by §4A1.2(d)(2).

[5] Escano was originally charged with burglary with intent to commit rape, but the rape charge was dropped. According to the presentencing report, Escano broke into a residence and struck the female victim in the face before the victim escaped.

[6] Escano was originally charged with rape, but pled guilty to battery. His probation was revoked, and he served an additional 120 days in jail.

convictions in deciding to depart upward: (1) a 1974 conviction for possession of cannabis for which Escano was sentenced to forty-five days in jail with thirty days suspended and three years probation; and (2) two 1987 convictions for being under the influence of controlled substances for which Escano was sentenced to ninety days in jail and thirty-six months probation for each. Though Escano argues that these convictions are not similar to the instant offense because they involved personal use of controlled substances rather than distribution, we disagree. Both the 1974 offense and the present offense involve his possession of marijuana, a controlled substance. Moreover, Escano's repeated convictions for drug-related offenses evidence his likelihood of recidivism, and the district court was within its discretion in considering such conduct.

Once the district court concludes that the defendant's criminal history is sufficient to justify an upward departure from criminal history category VI, the court has several options. See United States v. Harrison, 58 F.3d 115, 118 (4th Cir. 1995). One of those options is to "structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3, p.s.; see Cash, 983 F.2d at 561; see Harrison, 58 F.3d at 118. Upon determining that the extent and nature of Escano's criminal history warranted an upward departure, the district court followed these guidelines precisely, moving down the sentencing table to find the appropriate guideline range, which the court found to be 110 to 137 months. The court expressly found that the succeeding levels, twenty-two, twenty-three, and twenty-four,"inadequately represent[ed] the seriousness of the defendant's conduct." J.A. 43.

In concluding that criminal history category VI did not adequately reflect the seriousness of Escano's criminal record and that his likelihood of recidivism was high, the district court did not abuse its discretion in concluding that Escano's similar prior convictions and dissimilar serious criminal conduct justified an upward departure from the guideline range. See U.S.S.G. § 4A1.3. For the foregoing reasons, the order of the district court is affirmed.

AFFIRMED

6