**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5196**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROLANDO MOTA-CAMPOS, a/k/a Rigoberto
Galeno-Moran, a/k/a Alberto Galeno-Moran,
a/k/a Rolando M. Compos, a/k/a Gavino
Barrera-Sala, a/k/a Rigoberto M. Galeno, a/k/a
Rolando Morta Qompos, a/k/a Rigoberto Moran
Galeno, a/k/a Rolando Campos-Morta, a/k/a
Alberto Galeno, a/k/a Gabino Barrera, a/k/a
Rolando Morta Campos,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News. Henry Coke Morgan, Jr.,
Senior District Judge. (4:06-cr-00039-HCM)

---

Submitted: June 27, 2007          Decided: July 30, 2007

---

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Michael S. Nachmanoff, Acting Federal Public Defender, Keith Loren
Kimball, Assistant Federal Public Defender, Frances H. Pratt,
Research and Writing Attorney, Norfolk, Virginia, for Appellant.

Chuck Rosenberg, United States Attorney, Lisa R. McKeel, Assistant United States Attorney, Newport News, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rolando Mota-Campos, a Mexican citizen, pled guilty to unlawful reentry by a deported alien following conviction of an aggravated felony, 8 U.S.C. § 1326(a), (b)(2) (2000). In sentencing him, the district court departed upward from the advisory guideline range of 70-87 months and imposed a sentence of 174 months imprisonment. Mota-Campos appeals his sentence, arguing that the sentence is unreasonable because the district court departed based on inapplicable guidelines, and failed to give adequate notice or to follow the departure procedures set out in U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2005). He also maintains that the district court's factfinding violated the Sixth Amendment. No Sixth Amendment error occurred,[*] and we conclude that the district court's decision to depart was reasonable, but we agree that the district court failed to explain adequately its reasons for the extent of the departure. We therefore vacate the sentence and remand for further proceedings.

Mota-Campos' offense level was 21. With eleven criminal history points, he was in criminal history category V. His

---

[*]Mota-Campos asserts that this Court has returned to a mandatory guideline scheme by reason of its decisions in United States v. Green, 436 F.3d 449, 457 (4th Cir.) (holding that sentence within advisory guideline range is presumptively reasonable), cert. denied, 126 S. Ct. 2309 (2006), and United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). His position has been rejected by the Supreme Court. Rita v. United States, ___ S. Ct. ___, 2007 WL 1772146 (U.S. June 21, 2007) (No. 06-5754).

- 3 -

recommended advisory guideline range was 70-87 months.  His criminal history score resulted from sentences for: abduction, three DWI convictions, resisting arrest, and abusive language.  He also received points for committing the instant offense while under a criminal justice sentence.  No points were awarded for: a fine for trespassing, two suspended sentences for driving without a license, two convictions for assault and battery [of his wife and son] where no sentence was imposed because adjudication was completed after Mota-Campos was in deportation proceedings , and a ten-day sentence for contempt.

The government moved for an upward departure pursuant to USSG § 4A1.3, based on the following factors: Mota-Campos had multiple alcohol-related convictions; he had previously been deported three times; he had outstanding criminal charges for three separate assaults in Kings County, New York; he had received lenient sentences in the past by using multiple aliases which concealed his criminal history; he had not been deterred from criminal conduct; and his statements to law enforcement authorities indicated that he would again reenter the United States illegally.

At the sentencing hearing, the government advised that the court should structure a departure by using the incremental approach authorized in United States v. Cash, 983 F.2d 558 (4th Cir. 1992), and requested a sentence of 120 months.  The district court then determined that Mota-Campos' criminal history score

would be higher if he had not lied about his name so often, that category V was inadequate to protect the public from likely further criminal conduct on his part, and that the guideline sentence would be "grossly inadequate." The court decided that an appropriate sentence would be twice the guideline maximum, or 174 months' confinement.

The court further explained its decision in a written sentencing order, entered November 7, 2006, which cited encouraged grounds for departure identified in various guidelines and guideline commentary, i.e., USSG § 2B1.1 (offense level understates seriousness of crime); § 4A1.3 (adequacy of criminal history); USSG 5K2.17 (public welfare); and USSG § 5K2.21 (dismissed and uncharged conduct). The court stated that it had departed pursuant to 18 U.S.C.A. § 3553(a)(2) (West 2000 & Supp. 2007), "to (A) reflect the seriousness of the offense, promote respect for the law, and to provide punishment for the [offense]; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant."

A sentence is reviewed for reasonableness. United States v. Booker, 543 U.S. 220 (2005); United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). When there is a departure, the appeals court must consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the

divergence from the sentencing range." Id. A departure pursuant to § 4A1.3 is encouraged, provided that the criminal history category does not account adequately for the defendant's past criminal conduct or the likelihood that he will commit other crimes. United States v. Dixon, 318 F.3d 585, 588 (4th Cir. 2003).

Here, the government requested a departure under § 4A1.3, and the district court determined that a departure was warranted because (1) Mota-Campos had received relatively lenient treatment in different courts that were likely unaware of his other offenses because of his extensive use of aliases, (2) his attitude indicated a high probability that he would return to the United States if deported and would commit additional crimes, and (3) he consequently posed a danger to the public. We conclude that these findings adequately state the court's reasons for departing and are proper factors for consideration. Hernandez-Villanueva, 473 F.3d at 123. Thus, the district court's decision to depart was reasonable. United States v. Dalton, 477 F.3d 195, 198-99 (4th Cir. 2007).

In its written order explaining the departure, the district court cited other guidelines as well as § 4A1.3. Mota-Campos contends that the court erred in relying on these guidelines without giving him notice. When the court departs from the advisory guideline range post-Booker, the defendant is still entitled to notice of the court's intention to depart and the

grounds for departure before sentencing. Fed. R. Crim. P. 32(h); United States v. Davenport, 445 F.3d 366, 371 (4th Cir. 2006). However, a failure to provide notice may be harmless error if the defendant is not prejudiced. Davenport, 445 F.3d at 371. We are satisfied that Mota-Campos was not prejudiced because the district court cited the additional guidelines only for general principles which are echoed in § 4A1.3 or in § 3553(a)(2). Thus, any error was harmless. See Davenport, 445 F.3d at 371.

However, a departure from category V to category VI would have produced a guideline range of 77-96 months. The court in effect departed above category VI by imposing a sentence of 174 months. The court did not follow the "incremental approach" mandated by § 4A1.3(a)(4)(B) and our precedents for departures above category VI. Dalton, 477 F.3d at 199; United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992); United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). The court imposed a sentence that was twice the top of the advisory guideline range without providing either the incremental analysis required by § 4A1.3 or the "extensive justification" required for "dramatic departures." Dalton, 477 F.3d at 199 (citing United States v. Hampton, 441 F.3d 284, 288 (4th Cir. 2006)). The court merely stated orally that it believed 174 months to be an appropriate sentence and, in its written order, failed to explain how it determined the extent of the departure.

Accordingly, we vacate the sentence and remand for resentencing. On remand, the district court should explain why category VI is inadequate and "move incrementally down the sentencing table to the next higher offense level until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B); see also Dalton, 477 F.3d at 200 n.3. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED