**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-5120**

———————————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

ROLANDO MOTA-CAMPOS, a/k/a Rigoberto Galeno-Moran, a/k/a
Alberto Galeno-Moran, a/k/a Rolando M. Compos, a/k/a Gavino
Barrera-Sala, a/k/a Rigoberto M. Galeno, a/k/a Rolando Morta
Qompos, a/k/a Rigoberto Moran Galeno, a/k/a Alberto Galeno,
a/k/a Gabino Barrera, a/k/a Rolando Morta Campos,

　　　　　Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Henry Coke Morgan, Jr.,
Senior District Judge.  (4:06-cr-00039-HCM-TEM-1)

———————————

Submitted:  July 22, 2008　　　　Decided:  September 29, 2008

———————————

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Federal Public Defender, Keith Loren Kimball, Frances H. Pratt, Assistant Federal Public Defenders, Norfolk, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Lisa R. McKeel, Assistant United States Attorney, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rolando Mota-Campos appeals the 174-month sentence he received after his case was remanded for resentencing because the district court failed to follow the incremental procedure required by U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4A1.3(a)(4)(B) (2005), and Fourth Circuit precedent for departures above criminal history category VI. United States v. Mota-Campos, 237 F. App'x 840 (4th Cir. 2007). On remand, the district court reimposed the same sentence, but explained its reasons for the extent of the departure. Mota-Campos contends on appeal that the sentence is both procedurally and substantively unreasonable. We disagree, and affirm the sentence.

The court identified two grounds that justified a departure above category VI. First, Mota-Campos had been deported three times before, with the deportation being handled administratively each time. Thus, Mota-Campos had not been prosecuted for his initial unlawful entry or his two previous illegal reentries. The court reasoned that, because U.S.S.G. § 2L1.2 provided a base offense level of 8 for the crime of illegal reentry, a departure of eight offense levels was warranted for Mota-Campos' two prior illegal reentries.

Second, the court noted that Mota-Campos had three convictions for driving under the influence (DUI) in Virginia within ten years. Under Va. Code Ann. § 18.2-270(c)(1) (Lexis-Nexis 2007), a third DUI conviction within ten years is a felony with a mandatory minimum sentence of ninety days imprisonment. However, Mota-Campos' third Virginia DUI conviction was treated as a first offense, for which he received a 30-day sentence.[1] The district court determined that, if Mota-Campos had not hidden his identity with aliases, he would have sustained another felony conviction, ensuring his placement in category VI.[2] The court reasoned that a prior felony conviction alone would also increase the base offense level by four levels, see U.S.S.G. § 2L1.2(b)(1)(D), and that an alternative way of structuring the departure would be to add four offense levels for the third DUI conviction and one offense level for each of his uncounted illegal reentries, resulting in a departure to offense level 28. Under either calculation, which would have produced guideline ranges of

_____

[1]Mota-Campos was sentenced to 30 days in jail in April 2003 for a DUI conviction, received a suspended sentence in December 2003 for another DUI conviction, and was again sentenced to 30 days in jail for a DUI conviction in November 2004. According to the government, Mota-Campos was charged as "Alberto Galeno," "Rigoberto M. Compos," and "Rigoberto M. Galeno." He did not dispute this information.

[2]The court wisely decided not to treat Mota-Campos' DUI offenses as crimes of violence. The Supreme Court has since held, in Begay v. United States, 128 S. Ct. 1581 (2008), that driving under the influence is a not a "violent felony" under 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2008).

151-188 months or 140-175 months, respectively, the court decided that a sentence of 174 months was appropriate.

In Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court set out the standards for appellate review of sentences as follows:

> Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

Id. at 597.

Mota-Campos contends that his sentence is procedurally unreasonable because (1) the district court failed to comply with the incremental approach mandated by U.S.S.G. § 4A1.3; (2) its assignment of seven or eight additional offense levels overstates his criminal record; and (3) the district court failed to consider that the sentence created unwarranted disparity among similarly situated defendants.

With respect to the incremental approach, Mota-Campos argues that the court failed to consider whether any offense level between 21 and 28 or 29 was sufficient, but he concedes that the district court need not explain its rejection of each intervening offense level. See United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007). The court's explanation of its reasons for departing to offense level 28 or 29 carried with it an implicit rejection of all the intervening levels as inadequate. The court thus adequately complied with the incremental approach.

Mota-Campos also argues that the court erred by treating offense levels as equivalent to criminal history points. We conclude that the court did not equate the two, but discussed the various offenses which were unscored in Mota-Campos' criminal history, and examined how the base offense level was enhanced under U.S.S.G. § 2L1.2 for such offenses to quantify the increase it believed to be appropriate. Mota-Campos further maintains that the court improperly assessed a four-level enhancement under § 2L1.2 for a prior felony conviction when he had already received a sixteen-level enhancement and the guideline instructs the court to apply only the greatest enhancement that may apply. In this instance also, the court merely used the various enhancements in § 2L1.2 as a guide in quantifying the seriousness of the offenses it sought to punish by means of the departure. While the court

could have proceeded differently, Mota-Campos has not shown procedural error in this respect.

Last, Mota-Campos claims that the court erred in failing to consider the disparity created by the departure between his sentence and the sentences of similarly situated defendants. However, in Gall, the Supreme Court held that, where the district court has "correctly calculated and carefully reviewed the Guidelines range," it "necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." Gall, 128 S. Ct. at 599. The district court in this case correctly calculated the guideline range and carefully reviewed it before departing. Therefore, Mota-Campos has not shown that the court failed to consider the need to avoid sentence disparity. We conclude that the sentence was procedurally reasonable.

As explained in Gall, when reviewing a sentence outside the guideline range for substantive reasonableness, the appellate court should "take into account the totality of the circumstances . . . ." Gall, 128 S. Ct. at 597. The court –

> may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

Id.

Mota-Campos argues that the district court's departure creates an unwarranted disparity so severe that the sentence must be reversed. However, in light of <u>Gall</u>'s conclusion that the sentencing court "is in a superior position to find facts and judge their import under § 3553(a) in the individual case," <u>id.</u>, and that its sentencing decision should be accorded great deference, we conclude that the sentence is not substantively unreasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>